Alfonso MEZA,
Plaintiff-Appellee-Cross-Appellant,

v.

**WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,**
Defendant-Appellant-Cross-Appellee.

**Nos. 81–3452, 81–3475.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1982.

Decided Aug. 3, 1982.

Rehearing Denied Sept. 2, 1982.

Bryan P. Harnetiaux, Sheila Malloy Huber, Spokane, Wash., for Meza.

Michael Hanbey, Asst. Atty. Gen., Olympia, Wash., for Washington State Dept. of Social and Health Services.

Before WRIGHT, KILKENNY, and CANBY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Meza prevailed below in his Title VII retaliation claim against the state Department of Health and Social Services (the state). He received an award of $40,860.43 in damages and $14,000 in attorneys fees.

The court's final order was entered on May 19. A notice of appeal should have been filed by June 18. Fed.R.App.P. 4(a)(1). On July 7, the Assistant State Attorney General to whom the case was assigned moved to extend the time for filing the notice. He attached an affidavit, asserting that his failure to file in time resulted from excusable neglect. Fed.R.App.P. 4(a)(5).

Rule 4(a)(5) permits a court to grant a motion to extend if it was filed within 60 days of judgment. The court may permit filing up to 60 days after judgment or 10 days after its order, whichever is later.

The court granted the state's motion on July 14, finding excusable neglect, and granted the state 10 days to file. The state complied and filed a notice of appeal on July 24.

Although the notice met the technical requirements of the rule, we must determine whether the reasons given suffice for a finding of excusable neglect. We review the court's decision for abuse of discretion. *National Industries, Inc. v. Republic National Life Insurance Co.*, 677 F.2d 1258, 1264 (9th Cir. 1982). If the court abused its discretion in finding excusable neglect, the notice of appeal is untimely.

We reemphasized recently the strict standard for approving an extension of time for excusable neglect. We warned:

> Extensions of time for appeal should not be granted absent the moving party's failure to learn of the entry of judgment or extraordinary circumstances where injustice would otherwise result.

*Id.* (citing *In re Estate of Butler's Tire & Battery Co.*, 592 F.2d 1028, 1033 (9th Cir. 1979)). *See also Sprout v. Farmers Insurance Exchange*, 681 F.2d 587 (9th Cir. 1982).

The Assistant Attorney General's affidavit in support of an extension of time alleged that his wife was hospitalized two days before the notice was due. In the affidavit, he failed to explain why other members of the attorney general's office could not have prepared the notice. Nor did he explain why he was able to appear in district court in Spokane on other matters during the time he claims he could not perform his duties, although he admits the appearance.

At oral argument he admitted that several other attorneys worked in his office and that the notice of appeal is a simple, one-page document, requiring little preparation time or skill. An efficient office operates with a reminder or tickler system that alerts to court-imposed deadlines. Once that system notifies the approach of a critical date, the preparation and submission of a notice of appeal is largely clerical.

The public and opposing parties have a right to expect conscientious service from government counsel. The Assistant Attorney General in charge of this appeal appears to have cared little about the case.

Even if his wife's hospitalization prevented the performance of all of his duties, he already had let 28 days pass without action.

The casual attitude displayed toward this appeal is revealed also by the cursory response the state gave to Meza's argument about the timeliness of the notice of appeal. In two brief paragraphs, the state's attorney merely recited the facts and, as though the result were self-evident, concluded that the court did not abuse its discretion.

We noted the same attitude toward this court on appeal. A few days before oral argument, the judges of the panel received unfiled copies of the state's reply brief.[1] Fed.R.App.P. 31(a) provides for filing of a reply brief within 14 days of the filing of the appellee's brief. The state's last brief was nearly 80 days late.

 When questioned at oral argument about the delay in filing the brief, the state's attorney argued that the rule allowed filing up to 3 days before argument. It does not so provide,[2] and we do not countenance the disregard of court rules, whether governing conduct and procedure in the trial court or in this court.

The facts before the district court were insufficient to warrant a finding of excusable neglect.[3] *See generally Rodgers v. Watt*, 680 F.2d 1295, 1298–1299 (9th Cir. 1982). The court abused its discretion in permitting an extension.

The plaintiff also filed a notice of appeal, arguing that the award of attorneys fees was inadequate. His notice was filed within 14 days of the state's untimely notice. Fed.R.App.P. 4(a)(3) permits the filing of a notice of appeal within 14 days after any other party files a *timely* notice of appeal.

We conclude that the state's notice of appeal was untimely. Consequently, Meza's notice of appeal was untimely as well.

We dismiss both appeals because we lack jurisdiction to decide their merits.

---

1. Apparently, counsel mailed a copy to the clerk as well. It was filed notwithstanding its deficiencies. *See, e.g.*, Fed.R.App.P. 25(d).

2. Rule 31(a) permits the filing of a reply brief within 14 days. Even if timely, a reply brief may not be filed within 3 days of argument except upon a showing of good cause. These provisions are unambiguous.

3. We do not hold that a spouse's hospitalization is never sufficient to cause excusable neglect. Nor do we belittle the seriousness of the illness involved here. An illness in a family always is serious, but under the circumstances here, the state's attorney made an insufficient showing that his neglect was excusable.