**ISLAMIC REPUBLIC OF IRAN, Air Force of the Islamic Republic of Iran, Plaintiffs-Appellants Cross-Appellees,**

**v.**

**The BOEING COMPANY and Logistics Support Corporation, Defendants-Appellees Cross-Appellants.**

Nos. 84–3542, 84–3558.

United States Court of Appeals, Ninth Circuit.

Submitted May 1, 1984.

Decided Aug. 2, 1984.

John Dillow, Seattle, Wash., for defendants-appellees cross-appellants.

John R. Reese, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for plaintiffs-appellants cross-appellees.

Before KENNEDY, PREGERSON, and NELSON, Circuit Judges.

PER CURIAM:

We grant the petition for rehearing, withdraw our prior order, and affirm the district court's order granting an extension of time in which to file an appeal.

■ Rule 4(a)(5) of the Federal Rules of Appellate Procedure permits the district court to extend the time for filing an appeal on a showing by the moving party that the failure to file a timely appeal was the result of "excusable neglect." Since the appellant here received notice of entry of judgment, the district court's finding of excusable neglect is sustainable only if there were extraordinary circumstances that prevented a timely filing and denying the appeal would result in injustice. *See, e.g., Meza v. Washington State Department of Social and Health Services*, 683 F.2d 314, 315 (9th Cir.1982); *Oregon v. Champion International Corp.*, 680 F.2d 1300, 1301 (9th Cir.1982) (per curiam); *National Industries, Inc. v. Republic National Life Insurance Co.*, 677 F.2d 1258, 1264 (9th Cir.1982). We will reverse the district court's order only for an abuse of discretion. *Meza*, 683 F.2d at 315.

■ We have not previously addressed the question whether illness of counsel can amount to an extraordinary circumstance under Rule 4(a)(5). *Cf. Meza*, 683 F.2d at 316 n. 3 (reserving the question). We conclude that illness of counsel entrusted with the filing responsibility may amount to extraordinary circumstances when the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file.

■ Appellees do not dispute the factual accuracy of the district court's findings that the appeal would have been timely filed but for counsel's illness or that counsel's illness was of such a character and magnitude that counsel was both physically and mentally incapacitated during the crucial period of time. These conclusions are amply supported by counsel's sworn affidavit that his illness involved diarrhea, vomiting, and a five pound weight loss over 36 hours. During the same period of time, moreover, counsel's secretary was taken ill.

Further, we note that counsel was not simply one of many attorneys responsible for the administration of this case. *Cf. Meza*, 683 F.2d 315 (other attorneys in the Assistant Attorney General's office could have filed the appeal); *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir.), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974) (receipt of notice of entry of judgment by one of two counsel of record precludes finding of excusable neglect); *Buckley v. United States*, 382 F.2d 611, 614 (10th Cir.1967), *cert. denied*, 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968) (appellant represented at trial by four attorneys and two law firms); *Flett v. W.A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir.1962) (appellant represented at trial by two attorneys and only one was physically incapacitated). Rather, Mr. Smith was the only attorney actively representing Iran in the proceedings below. As for appellees' claim that the local rules of the district court required the active participation of local counsel, we note that neither the district court nor appellees attempted to enforce that rule. For example, the court's pretrial order showed only Mr. Smith as counsel for Iran. While we do not approve of the practice of ignoring local rules, it would be unjust to penalize appellants now on the basis of a rule that has been violated but ignored throughout the proceedings.

Finally, the appellees do not claim any prejudice from allowing a late notice of

appeal, and we think it would be unjust to preclude an appeal from the district court's near $100 million default judgment.

AFFIRMED.