770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CAROLE INGRAM, PLAINTIFF-APPELLANT,
v.
GENERAL MOTORS CORPORATION, WOODRUFF OLDSMOBILE, INC., AND
JAMES WOODRUFF, DEFENDANTS-APPELLEES.
 NO. 84-1079
 United States Court of Appeals, Sixth Circuit.
 7/12/85
 
 E.D.Mich.
 APPEAL DISMISSED
 ORDER
 BEFORE: MERRITT, MARTIN and WELLFORD, Circuit Judges.
 
 
 1
 This case was originally dismissed by this Court on defendants' motion to dismiss plaintiff's appeal as untimely. It appeared from the record that a final order had been entered December 28, 1983, and that the notice of appeal, filed January 31, 1984, was four days late. Subsequently, plaintiff filed a motion to reconsider in this Court, alleging that her copy of the district court judgment bore a notation that the judgment had been entered on January 3, 1984, and not December 28, 1983. If the notation were made by an employee of the district court, plaintiff may have relied to her detriment upon this representation and her untimely appeal could be excused. Accordingly, this Court granted plaintiff's motion to reconsider, vacated its prior order of dismissal, and remanded the case to the district court for a determination of this issue. Defendants' motion to dismiss was held in abeyance pending entry of an appropriate order by the district court.
 
 
 2
 On remand, a magistrate conducted a hearing at which the plaintiff and the docketing supervisor of the district court testified. On the basis of this testimony, the magistrate issued a report concluding that plaintiff had not relied to her detriment upon a representation of the district court. This report, in turn, was adopted by order of the district court.
 
 
 3
 Upon review of the entire record, including the transcript of proceedings before the magistrate, the Court concludes that the district court did not abuse its discretion in deciding against the plaintiff on the detrimental reliance issue. See Gooch v. Skelly Oil Co., 493 F.2d 366 (8th Cir.), cert. denied, 419 U.S. 997 (1974); Meza v. Washington State Dept. of Social and Health Services, 683 F.2d 314 (9th Cir. 1982). The failure of an appellant to file a timely notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Browder v. Department of Corrections, 434 U.S. 257, 264 (1978); E.E.O.C. v. K-Mart Corp., 694 F.2d 1055 (6th Cir. 1982). Rule 26(b), Federal Rules of Appellate Procedure, expressly provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 It appearing, therefore, that plaintiff's notice of appeal was filed four days late, Rules 4(a) and 26(a), Federal Rules of Appellate Procedure,
 
 
 5
 It is ORDERED that defendants' motion to dismiss be granted and the appeal is hereby dismissed. Rule 8(a), Rules of the Sixth Circuit.