**ALASKA LIMESTONE CORPORATION,**
Plaintiff,

v.

**Donald HODEL, Secretary, United States Department of the Interior, William J. Whalen, Director, National Park Service, and the United States of America,**
Defendants.

**No. A 82–392 Civ.**

United States District Court,
D. Alaska.

Aug. 12, 1985.

Edgar P. Boyko and Charles E. Tulin, Boyko, Davis & Dennis, Anchorage, Alaska, for plaintiff.

Michael R. Spaan, U.S. Atty., Anchorage, Alaska, for defendants.

## OPINION

FITZGERALD, *Chief Judge.*

This cause comes before the court on plaintiff Alaska Limestone's motion of July 17, 1985, for an order extending time to file a notice of appeal. Alaska Limestone seeks to appeal a final judgment of this court entered April 12, 1985, 614 F.Supp. 642, which granted the government's motion for summary judgment. The two issues raised in this matter are whether this court has jurisdiction to consider the merits of this motion and, if so, whether Alaska Limestone has met the pertinent requirements of the Federal Rules of Appellate Procedure. For the reasons set forth below, I have determined I may properly exercise jurisdiction in this matter. I have also concluded, however, that Alaska Limestone's motion must be denied.

## FACTS

As noted, Alaska Limestone's present motion arises out of an adverse judgment entered by this court on April 12, 1985. On that day the Clerk of Court mailed to local counsel for both parties copies of this judgment. Specifically, notice was given to Mr. Michael Spaan, United States Attorney and counsel of record for defendants, and to Mr. Edgar P. Boyko, one of two local counsel of record for Alaska Limestone. Mr. Charles E. Tulin, Alaska Limestone's other local counsel, was not sent such notice.

Thereafter, on July 16, 1985, Alaska Limestone filed with this court its notice of appeal of the court's Final Judgment of April 12, 1985. Because such notice was due within sixty (60) days of the entry of judgment, i.e. by June 11, 1985, on July 17, 1985, Alaska Limestone filed the instant motion seeking an order permitting it to file its notice of appeal thirty-five (35) days late.

## DISCUSSION

█ The first issue which arises in considering this matter is whether this court retains jurisdiction to consider the merits of Alaska Limestone's motion. My review of the pertinent case law has led me to conclude that I may properly exercise such jurisdiction. *See, e.g., Salazar v. San Francisco Bay Area Rapid Transit District,* 538 F.2d 269 (9th Cir.1976).

The second issue is whether Alaska Limestone's motion should be granted under the Federal Rules of Appellate Procedure. The pertinent rule is Rule 4(a). It provides in relevant part:

(a)(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals ... [and where] the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after [the date of entry of the judgment or order appealed from].

(a)(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

Under the plain language of Rule 4(a)(1), Alaska Limestone was permitted to file a notice of appeal within sixty (60) days of April 12, 1985, the day the Final Judgment was entered in this case, because the United States was a party to the underlying lawsuit. Such notice was not filed by Alaska Limestone until July 16, 1985, which was thirty-five (35) days after the time permitted under Rule 4(a)(1).

The question thus arises whether Rule 4(a)(5) would allow this court to permit Alaska Limestone to file its notice of appeal thirty-five (35) days late. A review of Rule 4(a)(5)'s terms reveals that it may not.

According to this subsection, a district court may, in its discretion, extend the time for filing a notice of appeal if two requirements are met by the movant for such relief. First, the motion for such an extension must be filed "not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Second, *assuming* this motion for an extension is timely made, then the movant must make a sufficient showing of "excusable neglect or good cause."

█ My review of the facts underlying Alaska Limestone's motion herein reveals that Alaska Limestone has failed to meet both of the requirements set forth in Rule 4(a)(5). To begin with, Alaska Limestone did not file its motion for an extension of time in which to file its notice of appeal until thirty-five (35) days "after the expiration of the time prescribed by this Rule 4(a)." This fact alone would appear to prevent me from granting the requested relief under the clear dictates of Rule 4(a)(5).

I do not rest my determination that Alaska Limestone's motion must be denied on this ground alone, however. My examination of case law interpreting the "excusable neglect or good cause" standard of Rule 4(a)(5) leads to the inescapable conclusion that *even had* Alaska Limestone timely filed its motion for an extension of time, it

has not made a sufficient showing of excusable neglect or good cause as further required by Rule 4(a)(5).

■ The standard for determining excusable neglect is a "strict one." *Selph v. Council of the City of Los Angeles*, 593 F.2d 881, 883 (9th Cir.1979) (quoting Advisory Committee Notes to 1966 Amendment to Fed.R.Civ.P. 73, the predecessor of Fed.R.App.P. 4(a)). It was intended only to apply to "extradinary cases where injustice would otherwise result." *State of Oregon v. Champion International Corporation*, 680 F.2d 1300, 1301 (9th Cir.1982). Inadvertance or mistake of counsel does not constitute excusable neglect. *State of Oregon, supra*, 680 F.2d at 1301; *see also Sprout v. Farmer's Insurance Exchange*, 681 F.2d 587 (9th Cir.1982); *In re Donnell*, 639 F.2d 535, 539 (9th Cir.1981). Nor does clerical error by counsel's staff. *State of Oregon, supra*, 680 F.2d at 1301; *Selph, supra*, 593 F.2d at 883.

Particularly instructive is the recent Ninth Circuit case of *Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464 (9th Cir. 1984). In that case, the court reiterated that a district court's finding of excusable neglect for purposes of Rule 4(a)(5) is sustainable only if "extraordinary circumstances" are present. *Id.* at 465. The court thereafter found that illness of counsel might amount to such extraordinary circumstances *if* the illness "is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file." *Id.* In addition to counsel's severe illness, the court further emphasized that "counsel was not simply one of many attorneys responsible for the administration of this case." *Id.* Neither of these facts is presented in the motion now before me.

Finally, the court notes that in finding a rare case of extraordinary circumstances in the *Islamic Republic* case noted above, the Ninth Circuit cited with approval the Tenth Circuit case of *Gooch v. Skelly Oil Co.*, 493 F.2d 366 (10th Cir.1974), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974). The facts in that case are remarkably similar to those in the instant case. The Tenth Circuit there held that receipt of notice of entry of judgment by one of two counsel of record, precisely the facts before me, precludes a finding of excusable neglect under Rule 4(a)(5). *Id.* at 370. *See also Cohen v. Plateau Natural Gas Company*, 303 F.2d 273 (10th Cir.1962) ("Local" counsel received notice, but "chief" counsel did not. Court held such facts precluded finding of excusable neglect as a matter of law).

■ Thus, under the above Ninth Circuit case law, I am precluded as a matter of law under the facts presented me in Alaska Limestone's motion from finding excusable neglect under Rule 4(a)(5). Here, like the Rule 4(a)(5) movant in *Gooch, supra*, one of the local counsel of record for Alaska Limestone, Mr. Edgar P. Boyko, was timely sent notice of this court's Final Judgment of April 12, 1985, by the Clerk of Court. The fact that Mr. Boyko neglected to inform Alaska Limestone's other counsel of record, Mr. Tulin, does not, under *Islamic Republic, supra*, or *Gooch, supra*, constitute Rule 4(a)(5) excusable neglect.

For the foregoing reasons, Alaska Limestone's motion for an order extending time to file its notice of appeal must be and is DENIED.