**Alonzo EATON, et al.**

v.

**Vincent J. LAFLAMME.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1985.

Decided December 17, 1985.

Eugene C. Coughlin (orally), Bangor, Wayne P. Libhart, Ellsworth, for plaintiff.

Orman G. Twitchell (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

■ In this action brought to determine the location and dimensions of certain easements in Castine, the Superior Court (Hancock County) entered judgment on its docket on November 30, 1984. Defendant Vincent LaFlamme, owner of the land against which the November 30, 1984, judgment operated, filed notice of appeal therefrom on January 2, 1985, that is, beyond the 30-day appeal period prescribed by M.R. Civ.P. 73(a).[1] On a timely[2] motion filed by LaFlamme, a Superior Court justice on February 12, 1985, enlarged his time for taking an appeal from December 30, 1984, to January 15, 1985, on the ground that untimeliness of LaFlamme's appeal resulted from excusable neglect. Application of our prior decisions to the undisputed facts of the present case demonstrates that the Superior Court's finding of excusable neglect is clearly erroneous. Accordingly, defendant LaFlamme's appeal must be dismissed as untimely.

■ The appellees, Alonzo Eaton and Donald Stewart, first assert that, whether the Superior Court's finding of excusable neglect is right or wrong, it had no power at all to act upon LaFlamme's motion for enlargement of time later than January 28, 1985, when the 60-day maximum appeal period expired. We specifically reject the Superior Court's alleged lack of power as a ground for dismissing LaFlamme's appeal. Although a tardy appellant must file his motion for enlargement within that 60-day period, the trial court is under no such time constraint for rendering a decision on the

motion. As the Second Circuit reasoned in reaching the same conclusion under the identical federal rule, the time limitation for appeal "is intended to set a period on which the parties may rely for required action by a litigant, not to dragoon a busy trial court into hasty and ill-considered action by the risk of destruction of appellate rights if the court does not meet the fixed deadline." *C-Thru Products, Inc. v. Uniflex, Inc.*, 397 F.2d 952, 955 (2d Cir.1968) (decided under Fed.R.Civ.P. 73(a), now superseded by Fed.R.App.P. 4(a)(5)). *See also* 9 *Moore's Federal Practice* ¶ 204.-13[2], at 4–100 (2d ed.1985). Rule 73(a) does not impose upon the trial court any Cinderella deadline of midnight of the sixtieth day. In acting upon a motion to enlarge the time for appeal, that court is subject only to the same time constraint of reasonable promptness that applies to any other matter submitted to it for decision.

■ We hold, however, that the Superior Court justice erred in exercising his power to enlarge the appeal period in the circumstances of the case at bar. Excusable neglect sufficient to justify disturbing a judgment that has become final by the running of the 30-day appeal period is not easily proved and is not to be lightly found. "[O]ther than in those cases involving a failure to learn of the entry of judgment, excusable neglect can exist only in extraordinary instances where injustice would result." *State v. One 1977 Blue Ford Pickup Truck*, 447 A.2d 1226, 1229 (Me.1982). Here LaFlamme's counsel did on December 4, 1984, learn of the entry of judgment. On that date counsel received a notice from the Superior Court clerk informing him of the entry of judgment and attaching an attested copy of the judgment. That

---

1. M.R.Civ.P. 73(a), in the part here pertinent, provides:

    The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that: (1) upon a showing of excusable neglect the court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the

    expiration of the original time herein prescribed;....

2. The Superior Court does not have the power to act on a motion for enlargement of time under M.R.Civ.P. 73(a) that is filed more than 60 days from the date of entry of the judgment sought to be appealed. *Rice v. Amerling,* 433 A.2d 388 (Me.1981).

clerk's notice erroneously stated December 3, 1984, as the date the judgment was entered on the docket, but the attached copy of the judgment itself showed it to be dated November 30, 1984, and the copy bore the stamp of the Hancock County, Clerk's Office "Received & Filed Nov. 30, 1984." LaFlamme's counsel made an affidavit that, after receiving the clerk's notice, he relied upon the erroneous statement and logged January 2, 1985, as the final day on which to appeal. That reliance was unreasonable, however, in light of the fact that he was put on inquiry notice by the discrepancy[3] between the face of the clerk's notice and the clerk's "Received & Filed" stamp on the attached copy of the judgment. Furthermore, LaFlamme's notice of appeal dated December 28, 1984, correctly identified "the Judgment entered in this action on November 30, 1984." In view of the fact that LaFlamme's counsel knew of the judgment, the subsequent oversight that resulted in his late appeal is no more extraordinary than the circumstances involved in *Young v. Sturdy Furniture Co.*, 441 A.2d 320, 321–22 (Me.1982) ("[c]ounsel's mistaken belief as to the law does not rise to the level of excusable neglect"), or in *Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1083 (Me.1981) (press of other business or "mere palpable mistake by counsel or by counsel's staff [does not] constitute excusable neglect"), or in *Reynolds v. Hooper*, 407 A.2d 312, 314 (Me.1979) (difficulty in communicating with clients and error in calculating appeal period do not constitute excusable neglect). The "interests of the litigants and of the public in general in seeing an end come to litigation underlie the strictness of the time requirement for perfecting an appeal." *Begin v. Jerry's Sunoco, Inc.*, 435 A.2d at 1082. In view of those interests, we find nothing in the factual circumstances here present so extraordinary as to excuse the lateness of LaFlamme's appeal.

**3.** The word "Filed" technically does not mean "entered" on the docket. M.R.Civ.P. 58 provides that the "notation of a judgment in the civil docket in accordance with Rule 79(a) constitutes the entry of the judgment;...." Nonetheless, the "Received & Filed" stamp should have alerted LaFlamme's counsel to the need for investigating the reason behind the different dates in the clerk's communication to him.

The entry is:

Appeal dismissed.

All concurring.