John W. LANE, Jr.

v.

Kenneth J. WILLIAMS.

Supreme Judicial Court of Maine.

Argued Jan. 8, 1987.
Decided Feb. 26, 1987.

Daviau, Jabar & Batten, George M. Jabar (orally), Joseph M. Jabar, Waterville, for plaintiff.

Lipman & Parks, William R. Stokes (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

John W. Lane, Jr., appeals from the denial by the Superior Court (Kennebec County) of his August 1, 1986, motion for enlargement of time within which to file a notice of appeal. Lane contends that the Superior Court erred by not finding that his attorney's failure to file a notice of appeal within the prescribed time was the result of the attorney's "excusable neglect" under M.R.Civ.P. 73(a).[1] Our review of the record reveals no basis upon which we could hold that the motion justice abused his discretion by refusing to enlarge the appeal period.

In this malicious prosecution action, the Superior Court directed a verdict for defendant Kenneth Williams after three days of jury trial and entered judgment pursuant to that verdict on June 10, 1986. Lane at that time instructed his counsel to appeal. Under M.R.Civ.P. 73(a), Lane's counsel had 30 days within which to file a notice of appeal; that is, until July 10, 1986. Lane's counsel left for a prearranged vacation on Thursday, July 3, 1986, without having filed the notice of appeal, but having instructed his secretary to do so early in the following week. At counsel's office on Monday, July 7, 1986, his secretary received a frantic call from her eight-year-old daughter at home informing her that the secretary's grandmother had collapsed. The secretary immediately left the office without having filed the notice of appeal. Upon reaching her home, the secretary discovered that her grandmother had died. The secretary did not return to work until July 14, 1986. The notice of appeal was not filed prior to the July 10 deadline.

The only question raised by this appeal is whether the Superior Court abused its discretion in denying the enlargement of time. *See* 9 *Moore's Federal Practice* § 204.-13[4], at 4–107 (2d ed. 1986) (discussing standard of review under the comparable federal rule [2]); *see Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir.1979). Only in rare instances will a refusal to find excusable neglect constitute an abuse of discretion.

> Excusable neglect sufficient to justify disturbing a judgment that has become final by the running of the 30–day appeal period is not easily proved and is not to be lightly found. "[O]ther than in those cases involving a failure to learn of the entry of judgment, excusable neglect can exist only in extraordinary instances where injustice would result."

*Eaton v. Laflamme*, 501 A.2d 428, 429 (Me.1985) (quoting *State v. One 1977 Blue Ford Pickup Truck*, 447 A.2d 1226, 1229 (Me.1982)). The interest of litigating parties and of the public in general in the finality of judgments and the termination of litigation compels us to construe narrow-

---

1. Under M.R.Civ.P. 73(a) the appeal must be filed within 30 days from the entry of judgment "except that ... upon a showing of excusable neglect the court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original" 30–day period.

2. Fed.R.App.P. 4(a) provides in pertinent part that in civil appeals "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)."

ly the excusable neglect exception to the time requirements for appeal. *Eaton v. Laflamme,* 501 A.2d at 430; *Begin v. Jerry's Sunoco, Inc.,* 435 A.2d 1079, 1082 (Me. 1981).

On the record before us we cannot conclude that the motion justice abused his discretion in refusing to grant the enlargement of time. Lane's counsel was not justified in relying solely upon his secretary to file the notice of appeal in his absence. The attorney, and not his staff, is required as a matter of professional responsibility to assure that his client's interests are served by filing an appropriate notice of appeal. The attorney may discharge that responsibility by filing the notice of appeal himself or by establishing reliable office procedures for ensuring that the notice is seasonably filed. Neglect resulting from counsel's failure to establish such office procedures does not constitute excusable neglect. *State v. One 1977 Blue Ford Pickup Truck,* 447 A.2d 1226. "It is incumbent upon any attorney to institute internal office procedures to assure that judgments are properly dealt with" [so that a notice of appeal can be filed in a timely manner]. *Id.* at 1231. In *State v. One 1977 Blue Ford Pickup Truck,* the judgment had been received by the attorney's office, to the knowledge of his staff, but because of faulty office procedures the attorney had not been apprised of its receipt.

Lane's counsel had available to him at least three ways to discharge his responsibility to ensure the timely filing of the notice of appeal. Since counsel planned his vacation in advance and knew soon after June 10, 1986, that Lane wished to appeal the judgment, he could have filed the notice himself during the three weeks before his July 3 departure. *See Coleman v. Block,* 593 F.Supp. 367, 369 (D.N.D.1984). He could have referred the matter to another lawyer in his law firm; presumably another lawyer was going to sign the notice of appeal anyway after the secretary had typed it. *See Meza v. Washington State Department of Social & Health Services,* 683 F.2d 314 (9th Cir.1982). Finally, Lane's counsel apparently without inconvenience could have telephoned his office during his vacation to check to be sure that the notice had been filed before the deadline.

The Superior Court justice in denying the motion by Lane's attorney for an enlargement of the appeal period focused on the question whether the emergency situation at the secretary's home that caused her to fail to file the notice of appeal constituted excusable neglect *on the part of the attorney.* The motion justice concluded that it did *not.* In light of the whole set of circumstances, we do not view that, in reaching that conclusion, he exceeded the scope of the broad discretion vested in the trial court by our decisions applying Rule 73(a).

The entry is:

Judgment affirmed.

NICHOLS, GLASSMAN and SCOLNICK, JJ., concur.

WATHEN, Justice, with whom CLIFFORD, Justice, joins, dissenting.

I respectfully dissent. I am persuaded that the Superior Court abused its discretion in denying plaintiff's motion for enlargement of time. I would vacate the order.

The unchallenged facts presented in support of plaintiff's motion are set forth in affidavits submitted by plaintiff's counsel and his secretary. The relevant part of the attorney's affidavit reads as follows:

> On June 10, 1986, this Court directed a verdict in favor of the Defendant and my client instructed me to file an appeal.
>
> . . . . .
>
> On July 3, 1986 at noon, I left for a planned vacation to last until July 21, 1986. *I left work with my secretary* to complete in my absence including a Notice of Appeal in the Lane v. Williams case prior to July 10, 1986.
>
> . . . . .
>
> Upon returning from vacation on July 21, 1986, I learned that my secretary had not filed the Notice of Appeal prior to July 10, 1986 because she left abruptly on the 7th day of July and did not return to the office until the 14th day of July, four

days after the Notice was due. (emphasis added)

The secretary's affidavit contains the following relevant information:

On July 3, 1986, Joseph M. Jabar left for a vacation to return on July 21, 1986. *He left me with work to do* including the filing of a Notice of Appeal in the case of Lane v. Williams by July 10, 1986.

I planned on preparing the Notice of Appeal during the first part of the week of July 7, 1986.

Before I got to the preparation of the Notice of Appeal, I received a frantic call from my eight year old daughter ... that my grandmother ... who was babysitting her, had collapsed. I immediately left my desk to rush to my grandmother's for help. She was pronounced dead at her home.

This unexpected tragedy had a profound effect on me and my eight year old daughter who was with her when she died.

I was very close to my grandmother because my mother was her only child and she had been my daughter's babysitter for eight years.

During the week of July 7, 1986, I never returned to the office nor did I inform Joseph M. Jabar or any other attorney or secretary in the office that the appeal that was due on the 10th had not been filed. ...

I only worked for three days during the week of July 14, 1986 due to my need to be home to help my mother and daughter.

When Joseph M. Jabar returned from vacation on July 21, 1986, he was informed that the Notice of Appeal had not been filed prior to July 10th. (emphasis added)

On these facts the Superior Court denied plaintiffs motion without explanation. It is my judgment that these facts constitute an extraordinary circumstance. If M.R.Civ.P. 73(a) is to retain any meaning or significance, a finding of excusable neglect must be made in this case. First of all, it should be recognized that a major portion of an attorney's work is accomplished by dictation and instruction to his secretary. Such a procedure is hardly a deviation from accepted practice. Any reliable office procedure is ultimately dependent on human beings. In this case, whether the attorney relied on his secretary or one of his partners, he would not have avoided the possibility of personal tragedy. There are no reasonable office procedures that are capable of guarding against the extraordinary event described in the secretary's affidavit.

The Court's *ad hoc* analysis of the means available to avoid this occurrence reveals a startling disregard of the realities of a law practice. It is true that the attorney could have filed the notice before he left for vacation. It must be remembered, however, that presumably this was not the only matter of business that the attorney was handling. Beyond that, we have recently sought to impress upon counsel the need to avoid a knee-jerk reaction to an unfavorable ruling and to act judiciously in filing an appeal, notwithstanding instructions received from the client. *Kirkpatrick v. City of Bangor*, 517 A.2d 320, 321 (Me. 1986). With the number of factors that are involved in a decision to appeal, surely we cannot fault the attorney for failing to file the notice of appeal in haste. With the benefit of hind-sight, it is also apparent that the problem could have been avoided if the matter had been referred to another attorney, or anyone other than this particular secretary. Such a conclusion, however, ignores the fact that it is impossible to predict in advance who will be struck by personal tragedy and the same possibility exists, no matter who is selected. Finally, I reject the conclusion that an attorney is duty-bound to double check the performance of routine tasks by a telephone call. By any standard of reasonableness, plaintiff's counsel was justified in believing that he had made adequate provision for the preparation of the notice of appeal. If attorneys are required to anticipate the extraordinary events that occurred in this case, and guard against them, even a telephone call will not suffice.

I would vacate the order.