**Elmer Gerard PRATT,
Petitioner–Appellant,**

v.

**D.J. McCARTHY, Superintendent,
Respondent–Appellee.**

No. 87–5540.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 4, 1988.

Submission Withdrawn Feb. 18, 1988.

Resubmitted March 11, 1988.

Decided June 29, 1988.

Paul N. McCloskey, Jr., Brobeck, Phleger & Harrison, Palo Alto, Cal., for petitioner-appellant.

Richard B. Cullather, State of Cal., Attorney General's Office, Los Angeles, Cal., for respondent-appellee.

Before WALLACE, BEEZER and LEAVY, Circuit Judges.

WALLACE, Circuit Judge:

The district court granted Pratt's motion, pursuant to Fed.R.App.P. 4(a), for an extension of time in which to file a notice of appeal. The district court concluded that a misunderstanding among Pratt's counsel concerning who would file the notice of appeal constituted excusable neglect for purposes of Rule 4(a)(5). Because we conclude that the district court abused its discretion in finding excusable neglect, we dismiss the appeal for lack of jurisdiction.

## I

On August 12, 1986, the district court dismissed Pratt's application for a writ of habeas corpus. On August 15, 1986, the district court entered its judgment, and mailed a copy of the judgment to Pratt's pro bono lead attorney, Stuart Hanlon. Hanlon distributed a copy of the judgment to Pratt's other four pro bono attorneys of record.

After the district court's decision, Paul McCloskey, one of Hanlon's co-counsel, agreed to prepare Pratt's appellate brief. McCloskey, however, assumed that Hanlon would file the notice of appeal while Hanlon assumed that McCloskey would do so. The record does not reflect the understanding of Pratt's other attorneys. Both McCloskey and Hanlon left for vacation on August 28, 1986. McCloskey returned on September 15, 1986. Hanlon returned on September 26, 1986. Hanlon was ill until October 3, 1986, at which time both Hanlon and McCloskey learned that no one had filed a notice of appeal.

On October 7, 1986, Hanlon filed a notice of appeal and a motion for an extension of time to file a notice of appeal pursuant to Fed.R.App.P. 4(a)(1), (5). On November 10, 1986, the district court held a hearing on the motion, and on December 8, 1986, issued an order granting Pratt's motion to extend time for filing a notice of appeal and deemed that the appeal was filed on October 7, 1986. In granting the motion to extend time, the district court found "that under the totality of circumstances there are extraordinary facts [warranting an extension]" and "that the delay in filing a Notice was due to misunderstanding between counsel rather than lack of diligence, therefore not justifying denial of an appeal concerning a Petition for Habeas Corpus."

We review the district court's order granting a motion for an extension to file a notice of appeal for abuse of discretion. *See Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.1986) (per curiam) (*Alaska Limestone* ). "A court abuses its discretion when it bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally have based its decision." *Id.* If the district court abused its discretion in finding excusable neglect, the notice of appeal is untimely, and we lack jurisdiction. *See Meza v. Washington State Department of Social and Health Services*, 683 F.2d 314, 315–16 (9th Cir.1982) (*Meza* ).

## II

Rule 4(a) of the Federal Rules of Appellate Procedure governs the district court's consideration of a motion to extend time to file a notice of appeal. In a civil case, a notice of appeal must be filed within 30 days of entry of judgment, unless the United States is a party. Fed.R.App.P. 4(a)(1). "This 30-day time limit is 'mandatory and jurisdictional.'" *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978), *quoting United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960) (*Robinson* ). A habeas corpus proceeding is a civil action subject to the time require-

ments of Rule 4(a). *Pettibone v. Cupp*, 666 F.2d 333, 334 (9th Cir.1981) (*Pettibone*). The district court may extend the appropriate time period set out in Rule 4(a)(1) "if two requirements are met: (1) the motion for the extension of time is filed no later than 30 days after the expiration of the original appeal period; and (2) the moving party makes a sufficient showing of 'excusable neglect or good cause' for not meeting the original deadline. Fed.R. App.P. 4(a)(5)." *Alaska Limestone*, 799 F.2d at 1411.

In the case before us, the district court correctly determined that Pratt met the first requirement. Hanlon filed the notice of appeal and the motion for an extension of time within 30 days after the expiration of the original appeal period. Thus, the issue we face is whether the district court abused its discretion in concluding that Pratt established "excusable neglect" for not meeting the original deadline.

In this circuit, the standard for determining excusable neglect is a strict one. *Alaska Limestone*, 799 F.2d at 1411; *Oregon v. Champion International Corp.*, 680 F.2d 1300, 1301 (9th Cir.1982) (per curiam) (*Champion International*). The standard only allows an extension of time in " 'extraordinary cases where injustice would otherwise result.' " *Alaska Limestone*, 799 F.2d at 1411, *quoting Champion International*, 680 F.2d at 1301; *see also Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir.1984) (per curiam) (*Islamic Republic*) ("Since the appellant here received notice of entry of judgment, the district court's finding of excusable neglect is sustainable only if there were extraordinary circumstances that prevented a timely filing and denying the appeal would result in injustice."), *cert. denied*, 470 U.S. 1053, 105 S.Ct. 1755, 84 L.Ed.2d 819 (1985); *Meza*, 683 F.2d at 315 (" 'Extensions of time for appeal should not be granted absent ... extraordinary circumstances where injustice would otherwise result.' " (citation omitted)). "Inadvertence or mistake of counsel ... does not constitute excusable neglect under this standard." *Alaska Limestone*, 799 F.2d at 1411, *citing Champion International*, 680

F.2d at 1301. Indeed, Pratt concedes on appeal that our precedents "unequivocally" hold that inadvertence or mistake of counsel does not constitute excusable neglect under our strict standard. Extending the excusable neglect exception to the mistake of counsel would be inconsistent with the intent of the Advisory Committee on Appellate Rules to limit the exception to extraordinary cases and thwart the rule's purpose of promoting finality of judgments. *See Champion International*, 680 F.2d at 1301 (refusing to extend the excusable neglect exception to the clerical errors of counsel or counsel's staff). For a district court to do so would be an abuse of discretion.

■ The mistake among all of Pratt's counsel cannot be characterized as unique or extraordinary. Instead of expressly clarifying the responsibility of each attorney, each of Pratt's five attorneys apparently *assumed* that one of the other four would file a timely notice of appeal. No one checked to ensure that a notice of appeal was filed when the deadline approached. To find excusable neglect on these facts would be to run roughshod over our existing precedent and the purpose of Rule 4(a). We refuse to do that and therefore hold that the district court abused its discretion in determining there was excusable neglect.

In reaching this conclusion, we expressly reject Pratt's arguments that this case falls outside the general principles governing excusable neglect. First, Pratt argues that the excusable neglect standard has two prongs requiring the court to "consider *both* (1) whether the neglect is excusable and (2) whether a denial of an extension of time to file a notice of appeal would create injustice." Conceding, as he must, that his counsel's neglect is not "excusable" under this test, Pratt focuses on the "injustice" of refusing to consider the merits of his collateral attack on his murder, robbery, and assault convictions.

■ Pratt's argument, however, miscasts our interpretation of "excusable neglect." As previously discussed, the standard only allows an extension of time in

extraordinary circumstances where injustice would otherwise result. *Alaska Limestone*, 799 F.2d at 1411; *Islamic Republic*, 739 F.2d at 465; *Meza*, 683 F.2d at 315; *Champion International*, 680 F.2d at 1301. Thus, we require *both* extraordinary circumstances preventing a timely filing *and* injustice resulting from denying the appeal. *See Islamic Republic*, 739 F.2d at 465. Even illness of counsel does not amount to an "extraordinary circumstance" preventing a timely filing of appeal unless "the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file." *Id.* In the present case, Pratt does not allege any extraordinary circumstances that prevented the timely filing of his notice of appeal. Pratt's "injustice" argument does not and cannot overcome this absence of extraordinary circumstances.

■ Second, Pratt argues that we should not strictly construe "excusable neglect" in habeas corpus cases. Pratt cites no authority for this proposition, and we reject Pratt's suggestion that we modify our interpretation of excusable neglect under Rule 4(a)(5). We have, in fact, strictly construed the requirements of Rule 4 even in habeas corpus cases filed by pro se prisoners. *Malone v. Avenenti*, 850 F.2d 569, 571 (9th Cir.1988); *Pettibone*, 666 F.2d at 335. Our strict interpretation of excusable neglect promotes Rule 4(a)'s purpose of setting a definite point of time when litigation shall end, while recognizing certain *extraordinary* situations that prevent a late filing of a notice of appeal. A habeas corpus petition does not, per se, create an extraordinary situation. Any exception for habeas corpus cases must be made through amendment of the rule, not by judicial decision. *Cf. Robinson*, 361 U.S. at 229, 80 S.Ct. at 288 (recognizing that relaxing the period for taking a criminal appeal must be achieved "through the rule-making process and not by judicial decision").

Third, Pratt argues that we should find excusable neglect in his case because his habeas corpus petition alleges "extraordinary federal government involvement" in violation of the Constitution. In support of this argument, Pratt's attorney Hanlon has filed an affidavit stating that Pratt's case has received attention on television and in newspapers and thus, "[w]hether or not this Court or the public believes that Mr. Pratt was denied a fair trial, it is mandatory that a public case such as Mr. Pratt's be decided on the merits and not on the technical error of counsel."

■ We are unpersuaded. By definition, nearly every prisoner's habeas corpus petition will allege governmental involvement in violation of the Constitution or federal law. We conclude it would be inappropriate to predicate a theory of excuse based on the extent of alleged governmental involvement.

Pratt's suggestion that our decision should be influenced by the extent of publicity surrounding a given case is troublesome. It is a startling contention that we should compromise our judicial integrity by deciding a case over which we have no jurisdiction merely because it has received extensive media coverage. Pratt's argument that a court should violate its duty to decide cases dispassionately and in accordance with the law merely because of heightened public curiosity is rejected.

Finally, Pratt argues that we should deviate from our court's precedent mandating strict interpretation of excusable neglect. To support this argument, he cites *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916 (3d Cir.1987) (*Consolidated Freightways*), and observes that the Third Circuit criticized our analysis of excusable neglect that we announced in *Champion International* and *Alaska Limestone*. *Id.* at 918–19.

■ Clearly, this argument must be rejected. Only an en banc court has the power to reject our precedent. Moreover, we do not believe that *Consolidated Freightways* assists Pratt. In *Consolidated Freightways*, the notice of appeal was not timely filed because counsel addressed the notice to the wrong court. The Third Circuit found this excusable, thereby disagreeing with our conclusion in *Champion*

*International.* *Id.* at 919. We seriously doubt, however, that the Third Circuit would find excusable neglect on the facts before us. *See id.* (counsel's failure to arrange coverage during an attorney's vacation which encompassed the end of the appeal period is not excusable).

## III

Simply put, under the mandate of our cases, counsels' conduct here was inexcusable. Because the district court abused its discretion in concluding that Pratt demonstrated excusable neglect for his failure to file a timely notice of appeal, Pratt's notice of appeal was untimely. Thus, we lack jurisdiction to decide the merits and dismiss the appeal.

APPEAL DISMISSED.