952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
E. Christman DAWN; June Estelle Dawn, Plaintiffs-Appellants,
v.
Alfred L. MARGOLIS; Robert L. Roberson, Esq.; Barnett M.
Cooperman; Phillip J. Argento; Warren C. Haas; Kaplanis &
Grim; Jack M. Newman; James N. Reese; Abby Soven; Robert
Offenhauser; Katherine I. Offenhauser; Madison
Offenhauser, Defendants-Appellees.
 No. 90-56121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 15, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 E. Christman Dawn and June Estelle Dawn appeal pro se the district court's dismissal of their action without prejudice for failure to timely serve the complaint under Fed.R.Civ.P. 4(j). By order of this court, the only issue on appeal is whether the district court erred by denying the Dawns' motion, pursuant to Fed.R.App.P. 4(a)(5), for an extension of time in which to file their notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for an abuse of discretion the district court's order granting or denying a motion for an extension of time to file a notice of appeal. Pratt v. McCarthy, 850 F.2d 590, 591 (9th Cir.1988). A court abuses its discretion if it bases its decision on an erroneous conclusion of law or if there is no evidence upon which the district court could have rationally based its decision. Id. (citing Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986) (per curiam)).
 
 
 4
 Under Fed.R.App.P. 4(a)(1), a notice of appeal must be filed in a civil case within 30 days of the judgment, unless the United States is a party. "This 30-day time limit is mandatory and jurisdictional." Id. (quotations omitted). The district court may extend the 30-day period "if two requirements are met: (1) the motion for an extension of time is filed no later than 30 days after the expiration of the original appeal period; and (2) the moving party makes a sufficient showing of excusable neglect or good cause for not meeting the original deadline." Id. at 592 (quotations omitted).
 
 
 5
 "In this circuit, the standard for determining excusable neglect is a strict one. The standard only allows an extension of time in extraordinary cases where injustice would otherwise result." Id. (quotations and citations omitted).
 
 
 6
 Here, the Dawns' motion for an extension of time meets the first requirement.[1] Thus, the issue turns on whether the Dawns demonstrated good cause or excusable neglect for not timely filing their notice of appeal. See Fed.R.App.P. 4(a)(5); Pratt, 850 F.2d at 592. In their motion for an extension of time, the Dawns alleged that they were preparing a Fed.R.Civ.P. 60(b) motion and that they did not want to create a judicial inefficiency by having to seek a remand of jurisdiction of the action from the court of appeals to the district court on account of the notice of appeal. The Dawns also stated that their local county law library was inadequate and that they were unable to afford the cost of travel to Los Angeles (where presumably more adequate library facilities were available) until they received their social security check. The district court found that they had failed to show good cause or excusable neglect and denied their motion.
 
 
 7
 Given the standard of review and the Dawns' proffered reasons for not filing a timely notice of appeal, we find that the district court did not abuse its discretion by finding that the Dawns had not made a sufficient showing of excusable neglect or good cause to warrant an extension of time. See Pratt, 850 F.2d at 591-92.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court entered judgment against the Dawns on July 18, 1990. The Dawns filed their motion for an extension of time 30 days later on August 17, 1990