980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abraham STEIN, Petitioner-Appellant,
v.
Roger CRIST, Warden; Robert Corbin, Respondents-Appellees.
 No. 91-16672.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 27, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abraham Stein, a state prisoner, appeals pro se from the district court's dismissal without prejudice of his habeas corpus petition. Stein contests the district court's determination that his petition contains a mixture of exhausted and unexhausted claims. We affirm.
 
 I.
 
 3
 On November 7, 1985, a jury in Yuma County, Arizona, convicted Abraham Stein in state court on multiple narcotics counts for which he is currently incarcerated.
 
 
 4
 Stein appealed to the Arizona Court of Appeals from the judgment of conviction and sentences imposed by the trial court. He raised four issues: (1) whether the trial court erred in denying petitioner's motion to suppress evidence; (2) whether joinder of his offenses in a single trial constituted reversible error; (3) whether the evidence was sufficient to support a conviction for conspiracy; and (4) whether the trial court improperly enhanced the sentences for three of the charges. In an opinion filed February 5, 1987, the Arizona Court of Appeals affirmed the judgment of conviction and sentences. State v. Stein, 735 P.2d 845, 851 (Ariz.Ct.App.1987).
 
 
 5
 On February 12, 1987, Stein filed a petition for review by the Arizona Supreme Court. He raised three claims: (1) whether the trial court erred in denying petitioner's motion to suppress evidence; (2) whether joinder of his offenses in a single trial constituted reversible error; and (3) whether the evidence was sufficient to support a conviction for conspiracy. The Arizona Supreme Court denied the petition for review without opinion on April 22, 1987. State v. Stein, No. CR-87-0077-PR (Ariz. April 22, 1987). Stein did not seek collateral relief in the Arizona courts.
 
 
 6
 Stein filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 27, 1989. He asserted the following claims: (1) that he was subjected to an unreasonable search and seizure; (2) that the joinder of his offenses at trial denied him due process; (3) that the evidence was not sufficient to support his conspiracy convictions; (4) that his conspiracy convictions violated the prohibition against double jeopardy; and (5) that his sentences were improperly enhanced.
 
 
 7
 On October 2, 1991, the district court dismissed the habeas corpus petition without prejudice as a mixed petition of exhausted and unexhausted claims. The district court stated that Stein's double jeopardy and sentence enhancement claims were unexhausted. Stein filed a timely notice of appeal to this court. The district court filed a certificate of probable cause on October 22, 1991.
 
 II.
 
 8
 Stein contends that his double jeopardy and sentence enhancement claims have been exhausted. In a habeas corpus petition brought pursuant to 28 U.S.C. § 2254, the petitioner must first exhaust all remedies available in state court. 28 U.S.C. § 2254(b), (c). If unexhausted claims are joined with other claims that have been exhausted, the entire petition must be dismissed for lack of exhaustion. Rose v. Lundy, 455 U.S. 509, 520-22 (1982). For purposes of exhaustion in the state court, "[a] claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). Moreover, exhaustion requires that claims be fairly presented to the highest state court to provide that court the opportunity to rule on the merits of the claims. McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986).
 
 
 9
 In this case, the district court correctly identified two claims Stein failed to exhaust in his direct appeal. Stein never presented the double jeopardy claim on direct appeal. Stein raised improper sentence enhancement on direct appeal to the Arizona Court of Appeals, but not in his petition for review to the Arizona Supreme Court.
 
 
 10
 Arizona provides a post-conviction remedy for persons who fail to raise a federal constitutional issue on direct appeal to the state's highest court pursuant to Rule 32.1 of the Arizona Rules of Criminal Procedure. In Johnson v. Lewis, 929 F.2d 460 (9th Cir.1991), we concluded that collateral review is barred under Arizona law if the federal constitutional claim was "knowingly, voluntarily, and intelligently not raised at trial, on appeal, or in any previous collateral proceeding." Id. at 463 (quoting Ariz.R.Crim.Proc. 32.2(a)(3)). In Johnson, we held that an Arizona state court, in reviewing a petition for collateral relief, is not compelled to infer that a state prisoner has waived a claim by the failure to raise it at trial, on direct appeal, or in a previous collateral proceeding under Rule 32.2(c) of the Arizona Rules of Criminal Procedure. Id. First, the language of Rule 32.2(c) is permissive. Id. Second, an Arizona court may conclude that Stein did not knowingly, voluntarily, and intelligently waive his federal constitutional claims. Id. at 464.[1]
 
 
 11
 The district court did not err in dismissing Stein's petition because it contains exhausted and unexhausted claims. The district court properly dismissed the section 2254 petition without prejudice to refiling if the Arizona courts should reject his federal constitutional claims.
 
 
 12
 The Government urges us to overrule Johnson. We lack the authority to do so. Only an en banc court of this circuit may overrule Ninth Circuit precedent. Pratt v. McCarthy, 850 F.2d 590, 593 (9th Cir.1988). The district court's order dismissing Stein's petition without prejudice is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Since our decision in Johnson v. Lewis, Rule 32.2 has been amended. Rule 32.2 was amended June 2, 1992, effective December 1, 1992; nunc pro tunc effective September 30, 1992, by order dated September 24, 1992. The amended statute reads as follows:
 a. Preclusion. A defendant shall be precluded from relief under this rule based upon any ground:
 (1) Still raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24;
 (2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding;
 (3) That has been waived at trial, on appeal, or in any previous collateral proceeding.
 b. Exceptions. Rule 32.2(a) shall not apply to claims for relief based on Rules 32.1(d), (e), (f), and (g). When a claim under Rules 32.1(d), (e), (f), or (g) is raised in a successive or previous petition, the petition must set forth the reasons for not raising the claim in the previous petition or in a timely manner. If meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the petition shall be summarily dismissed.
 c. Standard of Proof. The state shall plead and prove any ground of preclusion by a preponderance of the evidence.
 Should Stein present his double jeopardy and improper sentence enhancement claims before an Arizona court, that court will decide whether the amendment to the statute is retroactive and, if so, its procedural effect on Stein's claims.