15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ATTORNEYS TITLE COMPANY, a Nevada Corporation, Plaintiff-Appellant,
v.
TARA PARTNERS, L.P., a Delaware limited partnership; the
Culver Studios, Inc., a California corporation;
GTG Entertainment, a California limited
partnership, Defendants-Appellees.
 No. 93-55572.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 27, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Attorneys Title Company ("ATC") appeals the district court's denial of its Fed.R.Civ.P. 60(b) motion for relief from the court's summary judgment for Tara Partners and others in ATC's action alleging ownership of certain real property and seeking ejectment of the defendants. ATC also appeals the district court's denial of its motion for an extension of time to file a notice of appeal from the court's summary judgment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Rule 60(b)(6)
 
 
 4
 We review the denial of a Rule 60(b) motion for abuse of discretion and we will reverse only upon a clear showing of abuse of discretion. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Our review is limited to the denial of the Rule 60(b) motion and does not extend to the merits of the underlying judgment. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 
 5
 Rule 60(b) provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). "Rule 60(b) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 114 S.Ct. 60 (1993). Thus, the moving party must show "both injury and that circumstances beyond its control prevented timely action to protect its interests." Id.
 
 
 6
 Here, ATC filed its action on March 5, 1992 seeking damages and the defendants' ejectment from certain real property. On May 18, 1992, the defendants answered ATC's complaint and counterclaimed to quiet title to the real property. On May 26, 1992, ATC's counsel, William B. Cater informed ATC that after further review of the matter, he sought to be relieved as counsel for ATC and recommended dismissing the action. Cater filed a motion for permission to withdraw as counsel of record for ATC which the district court granted on September 16, 1992.
 
 
 7
 On November 13, 1992, defendants filed a motion for summary judgment. ATC failed to oppose the summary judgment motion and the district court granted the motion on its merits on December 21, 1992. On January 21, 1993, ATC filed a Rule 60(b)(6) motion for relief from judgment and a motion for extension of time to file a notice of appeal. The district court denied both motions on March 12, 1993.
 
 
 8
 On appeal, ATC argues that the district court erred by denying the Rule 60(b)(6) motion because ATC's inability to retain new counsel in time to oppose the defendants' summary judgment motion constituted extraordinary circumstances warranting relief from the court's judgment. We disagree. ATC knew that it had to retain new counsel when it received the letter from Cater on May 26, 1992 indicating that Cater sought to withdraw as ATC's counsel. ATC thus had ample time, almost seven months, to retain new counsel to represent it in the action it initiated. These clearly are not extraordinary circumstances warranting relief from judgment. See Alpine Land & Reservoir, 984 F.2d at 1049-50. Accordingly, the district court did not abuse its discretion by denying ATC's Rule 60(b)(6) motion. See id.
 
 II
 Extension of Time
 
 9
 ATC contends that the district erred by denying its motion, pursuant to Fed.R.App.P. 4(a)(5), for an extension of time in which to file its notice of appeal. This contention lacks merit.
 
 
 10
 We review for abuse of discretion the district court's order denying a motion for an extension of time to file a notice of appeal. Pratt v. McCarthy, 850 F.2d 590, 591 (9th Cir.1988). A court abuses its discretion if it bases its decision on an erroneous conclusion of law or if there is no evidence upon which the court could rationally have based its decision. Id.
 
 
 11
 Under Fed.R.App.P. 4(a)(1), a notice of appeal in a civil case must be filed within 30 days of the judgment, unless the United States is a party. "This 30-day time limit is mandatory and jurisdictional." Id. The district court may extend the 30-day period "if two requirements are met: (1) the motion for an extension of time is filed no later than 30 days after the expiration of the original appeals period; and (2) the moving party makes a sufficient showing of excusable neglect or good cause for not meeting the original deadline." Id. at 592 (quotations omitted).
 
 
 12
 The "good cause" standard of Rule 4(a)(5) applies only to motions for extension of time filed within the 30-day period for filing a timely notice of appeal under Rule 4(a)(1). Oregon v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir.1982). Thus, because ATC filed its motion beyond the initial 30-day period it needed to demonstrate excusable neglect to merit an extension of time under Rule 4(a)(5). "In this circuit, the standard for determining excusable neglect is a strict one. The standard only allows an extension of time in extraordinary circumstances where injustice would otherwise result." Pratt, 850 F.2d at 592 (quotations omitted). ATC argues that its effort to obtain counsel and the efforts of its newly obtained counsel to perform "due diligence" should constitute "good cause" to warrant an extension of time. Applying the proper standard of excusable neglect, however, we hold that ATC's alleged inability to obtain suitable counsel over the course of eight months and newly retained counsel's inability to familiarize herself with the case are not extraordinary circumstances sufficient to satisfy this standard. See id. Accordingly, the district court did not abuse its discretion by denying ATC's motion for an extension of time to file its notice of appeal.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3