meritorious defense because of fear that a dangerous, mentally ill person will go free.

For reasons that I explained at some length 18 years ago, refusal to give such an instruction in an appropriate case can constitute plain error.[1] Until 1984 the refusal to give such an instruction was justified by the absence of a federal statute providing for mandatory commitment.[2] In the District of Columbia, however, where such a statute had been in place since 1955, the instruction was required.[3] Now that the reason for a different rule in different parts of the federal system has been eliminated, the wise rule adopted by then-Judge Warren Burger and his colleagues on the District of Columbia Circuit should be applied throughout the system.

Because the denial of a writ of certiorari is not a ruling on the merits, the Court's action today is not inconsistent with that conclusion.[4] Rather, the Court's action is supported by the fact that a square conflict between two Courts of Appeals has not arisen since the enactment of the 1984 statute, and by the Court's normal practice of awaiting such a conflict before considering the significance of new federal legislation.

No. 91–8333. PALMER *v.* UNITED STATES. C. A. D. C. Cir. Certiorari denied. JUSTICE THOMAS took no part in the consider-

---

[1] *United States* v. *Greene,* 497 F. 2d 1068, 1092 (CA7 1974) (dissenting opinion) ("[T]he failure of the trial judge to give any advice at all to the jury on a matter that must have loomed large in their deliberations constituted plain error. It is almost inconceivable to me that if the jury had put to one side any concern about the consequences of a not guilty verdict, they would not have entertained a reasonable doubt as to the defendant's sanity").

[2] See *Pope* v. *United States,* 372 F. 2d 710, 731–732 (CA8 1967) (en banc) (Blackmun, J.).

[3] *Lyles* v. *United States,* 103 U. S. App. D. C. 22, 25, 254 F. 2d 725, 728 (1957) (en banc) (opinion of Burger and Prettyman, JJ.) ("We think the jury has a right to know the meaning of this possible verdict as accurately as it knows by common knowledge the meaning of the other two possible verdicts"), cert. denied, 356 U. S. 961 (1958). Judges Burger and Prettyman found historical support in *Hadfield's Case,* 27 How. St. Tr. 1282, 1354–1355 (K. B. 1800), where the Lord Chief Justice instructed the jury that a defendant found not guilty by reason of insanity would be confined. *Lyles,* 103 U. S. App. D. C., at 26, n. 3, 254 F. 2d, at 729, n. 3.

[4] See *Singleton* v. *Commissioner,* 439 U. S. 940, 942 (1978) (STEVENS, J., respecting denial of certiorari) and cases cited therein.

ation or decision of this petition.

No. 92–2. ASHLEY, WARDEN *v.* BYERLY. Ct. App. Ky. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

No. 92–72. SABINE CONSOLIDATED, INC., ET AL. *v.* TEXAS. Ct. App. Tex., 3d Dist. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 92–5049. THOMPSON *v.* UNITED STATES. C. A. 8th Cir. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 92–5214. RAMOS *v.* UNITED STATES. C. A. 1st Cir. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 92–174. VAN CAMP *v.* AT&T INFORMATION SYSTEMS ET AL. C. A. 6th Cir. Certiorari denied. JUSTICE O'CONNOR took no part in the consideration or decision of this petition.

No. 92–267. UJB FINANCIAL CORP. ET AL. *v.* SHAPIRO ET AL. C. A. 3d Cir. Motions of Dean Witter Reynolds, Inc., et al., New York Clearing House Association, and American Bankers Association for leave to file briefs as *amici curiae* granted. Certiorari denied.

No. 92–285. KEENE CORP. *v.* LINDSAY. Sup. Ct. Tex. Certiorari denied. JUSTICE WHITE and JUSTICE BLACKMUN would grant certiorari.

No. 92–297. KOONS *v.* ROGERS ET AL. C. A. 2d Cir. Motion of National Artists Equity Association for leave to file a brief as *amicus curiae* granted. Certiorari denied.

No. 92–5556. OMOIKE *v.* COCA-COLA BOTTLING CO. C. A. 5th Cir. Certiorari denied. JUSTICE BLACKMUN took no part in the consideration or decision of this petition.

No. 92–5800. GAMBLE *v.* EAU CLAIRE COUNTY, WISCONSIN, ET AL. C. A. 7th Cir. Certiorari before judgment denied.