1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darell Wayne LEE, Defendant-Appellant.
 No. 92-50351.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1993.
Decided July 30, 1993.
 
 Before FLETCHER, POOLE and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Darell Wayne Lee of bank robbery, in violation of 18 U.S.C. Sec. 2113(a). Lee appeals his conviction, alleging the district court erred by denying his motion for a mistrial and by refusing to give one of his proposed jury instructions.
 
 
 3
 The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal under 28 U.S.C. Sec. 1291. We affirm.
 
 OVERVIEW
 
 4
 During her closing argument in Lee's bank robbery trial, the prosecutor argued that even without the three, independently sufficient, eyewitness identifications of Lee as the robber, the evidence of Lee's fingerprints on the demand note used in the bank robbery was sufficient to identify him as the robber.
 
 
 5
 Lee objected to this argument. At a side bar conference, Lee argued the prosecutor misstated the law. The district court overruled the objection. After a subsequent recess, the district court reconsidered its position and conceded the prosecutor had misstated the law in her closing argument.
 
 
 6
 The district court proposed that the misstatement could be cured by granting each side additional time to make closing arguments tailored to the correct law and by giving a curative instruction to the jury. The prosecutor stated a curative instruction would be sufficient.
 
 
 7
 Lee moved for a mistrial, claiming that no instruction could cure the situation. The court denied the motion for a mistrial.
 
 
 8
 After the district court edited the proposed curative instruction to accommodate a change in language suggested by Lee, Lee said "no further comments." Lee did not request a reopening of argument and did not request that the curative instruction be given special emphasis apart from the court's other instructions.
 
 A. Mistrial
 
 9
 We review a district court's denial of a motion for mistrial for abuse of discretion. United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir.1989), cert. denied, 493 U.S. 1083 (1990). A district court may cure the effect of misstatements "by giving appropriate curative instructions to the jury." Id. (internal quotations omitted); see also United States v. Mostella, 802 F.2d 358, 361 (9th Cir.1986) (district court instruction to jury minimized impact of misstatements).
 
 
 10
 Lee contends the district court erred when it did not grant a mistrial based on the prosecutor's misstatement of the law in her closing argument. For the purposes of this appeal, the government concedes the prosecutor's statement that the jury could find Lee was the robber based solely on the fingerprint evidence was an incorrect statement of the law under Mikes v. Borg, 947 F.2d 353 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992).
 
 
 11
 We conclude the district court did not abuse its discretion in denying the motion for a mistrial because it gave a curative instruction which neutralized any possible prejudice to Lee. As part of its final charge, the district court instructed the jury:
 
 
 12
 The fingerprint evidence standing alone is not sufficient to establish guilt beyond a reasonable doubt. In addition, you must find that there is other sufficient evidence to draw the inference that the defendant touched the demand note during the commission of the robbery.
 
 
 13
 This instruction corrected the prosecutor's misstatement of the law. See United States v. Guess, 745 F.2d 1286, 1288 (9th Cir.1984) (improprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge) (internal citations omitted), cert. denied, 469 U.S. 1225 (1985).
 
 
 14
 In addition to arguing that no possible instruction could neutralize the prejudice created by the prosecutor's misstatement, Lee contends that the instruction given did not cure the error because it failed expressly to say that the prosecutor's closing argument was incorrect or to highlight that an error had been made. Lee did not properly preserve for appeal the second of these contentions. As to the first, he waived his argument with regard to the form of the curative instruction because he participated in its drafting and agreed to the content of the instruction that ultimately was given. See United States v. Smith, 790 F.2d 789, 793 (9th Cir.1986) (where defendant failed to complain about form of instruction given, the "[e]rror[ ] was not brought to the attention of the trial judge" and not noticed on appeal).
 
 
 15
 In any event, the instruction correctly stated the law and advised the jury what it had to find to establish Lee's guilt. "[J]uries are presumed to follow their instructions...." Richardson v. Marsh, 481 U.S. 200, 211 (1987).
 
 
 16
 Lee also argues a mistrial is warranted because the district court's erroneous overruling of his objection to the government's misstatement of the law highlighted the misstatement. We disagree. The district court instructed the jury that
 
 
 17
 [A]rguments and statements made by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.... [Q]uestions and objections by the lawyers are not evidence.... You should not be influenced by the objection or by the court's ruling on that objection.
 
 
 18
 The Supreme Court has stated, "[t]he rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process." Id. at 211.
 
 B. Proposed Jury Instruction
 
 19
 There is a split of authority in this circuit as to whether the district court's refusal to give a proposed jury instruction on defendant's theory of a case is reviewed for abuse of discretion or de novo. United States v. Frank, 956 F.2d 872, 879 (9th Cir.), cert. denied, 113 S.Ct. 363 (1992); see also United States v. Gay, 967 F.2d 322, 328 (9th Cir.) (collecting cases), cert. denied, 113 S.Ct. 359 (1992). We need not address this conflict because even under the less deferential standard of review, the district court did not err by refusing Lee's proposed jury instruction.
 
 Lee's proposed jury instruction provides:
 
 20
 The defendant has no duty to explain the presence of his fingerprints. Likewise, he is under no obligation to illuminate any inferences from the fingerprint evidence that are consistent with his innocence. The defendant need not explain how or when his fingerprints were placed on the object in question; that burden lies with the prosecution.
 
 
 21
 Lee argues this instruction was necessary for his theory of defense: he was not the robber because he did not match the robber's physical description and he "must have touched the [demand] note at some time prior to the robbery." We disagree.
 
 
 22
 "[A] defendant is not entitled to any particular form of an instruction so long as the instructions given fairly and adequately cover his theories of defense." United States v. Faust, 850 F.2d 575, 583 (9th Cir.1988). The jury was instructed that in addition to fingerprint evidence, which standing alone is insufficient to establish guilt beyond a reasonable doubt, it "must find that there is other sufficient evidence to draw the inference that the defendant touched the demand note during the commission of the robbery." The jury was also instructed the defendant "does not have to testify or present any evidence to prove innocence" and that the "government has the burden of proving every element of the charge beyond a reasonable doubt."
 
 
 23
 The instructions given to the jury, taken as a whole, adequately covered Lee's theory of defense. See Gay, 967 F.2d at 329. The district court is not required to track Lee's proposed language word-for-word. Id.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3