**Concepcion S. WABOL, Plaintiff–Appellee,**

v.

**Victorino U. VILLACRUSIS; Philippine Goods, Inc.; Transamerica Corp., Defendants–Appellants.**

No. 90–15101.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1993.

Decided Dec. 6, 1993.

Marybeth Herald, San Diego, CA, for defendants-appellants.

Theodore Mitchell, Sapian, CM, for plaintiff-appellee.

Before: ALARCÓN, LEAVY and KLEINFELD, Circuit Judges.

ALARCON, Circuit Judge:

Victorino Villacrusis, Philippine Goods, Inc., and Transamerica Corporation (collectively PGI) appeal from the order of the Supreme Court of the Commonwealth of the Northern Mariana Islands (CNMI Supreme Court) asserting jurisdiction over an appeal pending before this court, *Wabol v. Villacrusis*, 898 F.2d 1381 (9th Cir.), *as amended*, 908 F.2d 411 (9th Cir.1990), *as amended*, 958 F.2d 1450 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 675, 121 L.Ed.2d 598 (1992), (hereinafter *Wabol I*). PGI contends that the CNMI Supreme Court lacks jurisdiction

over this matter. We reverse because we conclude that pursuant to our decision in *Wabol I,* the CNMI Supreme Court lacked jurisdiction to review the judgment of the Appellate Division of the District Court for the Northern Mariana Islands (Appellate Division).

## I.

### PROCEDURAL HISTORY

In 1978, Victorino Villacrusis and Philippine Goods, Inc. entered into a lease agreement with Filomena Wabol Muna, with the approval of Concepcion S. Wabol and Elias S. Wabol, for a 30–year term with an unconditional option in lessee PGI to renew for 20 additional years. *Wabol I,* 958 F.2d at 1451–1452. After a period of seven years, Concepcion S. Wabol and Elias S. Wabol filed this action seeking to void the lease for violation of Article XII of the Northern Mariana Islands Constitution. The Commonwealth trial court held that the lease violated Article XII and that Article XII did not violate the Equal Protection Clause of the United States Constitution. The trial court, however, reformed the lease based on equitable considerations. *Id.* at 1453. PGI filed an appeal before the Appellate Division. The Appellate Division reversed, holding that the NMI Constitution did not permit reformation and remanded for determination of the value of improvements and the extent of any rights arising from quasi-contract or periodic tenancy. *Id.* PGI filed a timely appeal to this court in *Wabol I* on February 20, 1987.

On May 2, 1989, while *Wabol I* was still pending before this court, the Northern Mariana Islands Legislature adopted the Commonwealth Judicial Reorganization Act of 1989 (the Act). NMI Pub.L. No. 6–25, § 3109. The Act purported to divest the federal courts of jurisdiction over all pending and future appeals from the courts of the Northern Mariana Islands. Wabol filed a separate appeal with the newly created Supreme Court of the Commonwealth of the Northern Mariana Islands on June 5, 1989, requesting that the CNMI Supreme Court assert jurisdiction over the appeal pending before this court in *Wabol I.* On December 11, 1989, the CNMI Supreme Court issued a decision stating that "the Northern Marianas may vest in this court appellate jurisdiction over Commonwealth cases which were pending before the Ninth Circuit in May 2, 1989." Wabol's motion that the CNMI Supreme Court assume jurisdiction was granted. The decision did not address the merits of the case.

On January 5, 1990, PGI filed this appeal from the CNMI Supreme Court's order while *Wabol I* was pending before this court. Thereafter, on February 20, 1990, we issued an opinion deciding both the question of jurisdiction and the merits. *Wabol I,* 958 F.2d 1450. We concluded that the Commonwealth Judicial Reorganization Act of 1989 "does not divest this court of jurisdiction to decide the appeal." *Id.* at 1452.

## II.

### DISCUSSION

This court has jurisdiction over all appeals from final decisions of the CNMI Supreme Court for 15 years following the establishment of an appellate court of the Northern Mariana Islands, pursuant to 48 U.S.C. § 1694c(a). "We determine our jurisdiction *de novo.*" *Wabol I,* 958 F.2d at 1453. In the opening brief, Wabol contended that the CNMI Supreme Court's order is not a final decision because it is limited to the question of jurisdiction and does not address the merits of the case.

In *Wabol I* we held that the standard for determining the finality of decisions from the appellate court of the CNMI is analogous to "the standard the Supreme Court applies in reviewing state court judgments under 28 U.S.C. § 1257." *Wabol I,* 958 F.2d at 1453. We concluded in *Wabol I* that "this case possesses sufficient characteristics of finality under [the applicable tests] to command our immediate attention." *Id.*

Review of this appeal would immediately resolve the jurisdictional issue presented by the CNMI Supreme Court's order. Accordingly, we conclude that the CNMI Supreme Court's order is a final decision for purposes of appellate review.

## III.

## JURISDICTION UNDER THE LAW OF THIS CIRCUIT

Under the law of this circuit, "NMI is without power under the Covenant to divest this court of jurisdiction over appeals properly filed from a final order of the appellate division of the district court entered before the passage of the Act." *Id.* at 1458. The notice of appeal in *Wabol I* was filed in this court on February 20, 1987. Thus, *Wabol I* was pending at the time the Act became effective on May 2, 1989. Accordingly, we held in *Wabol I* that the Legislature of the Commonwealth of the Northern Mariana Islands is without authority to divest this court of jurisdiction over the appeal. *Id.* Our decision in *Wabol I* is binding on this panel. Only an en banc court has the power to reject Ninth Circuit precedent absent an intervening Supreme Court decision or an act of Congress. *United States v. Frank*, 956 F.2d 872, 882 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 363, 121 L.Ed.2d 276 (1992); *Pratt v. McCarthy*, 850 F.2d 590, 593 (9th Cir.1988).

At oral argument, counsel for Wabol agreed that in light of *Wabol I*, this panel could not ignore the law of the circuit and must reverse the order of the CNMI Supreme Court. Wabol's counsel requested that we enter our judgment as soon as possible. Under the exceptional circumstances surrounding this appeal, and given our earlier disposition of precisely the same jurisdictional issue in *Wabol I*, we conclude that no petition for rehearing will be entertained and the mandate shall issue forthwith. *See* Fed. R.App.P. 2; 9th Cir.Gen. Order 4.6(b). Accordingly, the decision of the CNMI Supreme Court is REVERSED and REMANDED with directions to the CNMI Supreme Court to VACATE the order and enter a new order dismissing the appeal for lack of jurisdiction in CNMI Supreme Court No. 89–0005.