19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mitchum L. PASTOR, Defendant-Appellant.
 No. 93-10141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1993.*
Decided Feb. 25, 1994.
 
 Before: POOLE, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal seeks clarification of the rule governing jury instructions on the consequences of a verdict of not guilty by reason of insanity ("NGRI verdict"). Pastor appeals his conviction for bank robbery in violation of 18 U.S.C. Sec. 2113(a). He contends that the district court erred in denying his request to instruct the jury on the consequences of an NGRI verdict after the government, in the presence of the jury, disparaged commitment as an effective means of incapacitating Pastor. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Our review for the refusal to give a proposed jury instruction turns on the nature of the issue for review. United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992). Because the resolution of this question requires a determination whether a particular statement is prejudicial in context of trial, we review for an abuse of discretion. Cf. Gomez-Osorio, 957 F.2d at 642.
 
 II
 
 4
 Pastor seeks the reversal of the rule we announced in United States v. Frank, 956 F.2d 872, 879 (9th Cir.), cert. denied, 113 S.Ct. 363 (1992). He argues that the mandatory commitment procedures introduced by the Insanity Defense Reform Act require the adoption of a rule that the jury must be instructed about the legal consequences of an NGRI verdict whenever a defendant properly raises an insanity defense.
 
 
 5
 This argument was raised and rejected in Frank. See id. at 878-79. That decision is consequently binding on this panel. Pratt v. McCarthy, 850 F.2d 590, 593 (9th Cir.1988).
 
 III
 
 6
 Pastor argues that the government's disparaging remark about the effectiveness of commitment was unduly prejudicial and wrongly implied that he would be prematurely released if the jury found him insane. Relying on Evalt v. United States, 359 F.2d 534 (9th Cir.1966), he contends that the district court consequently erred in failing to give his proposed instruction.
 
 
 7
 Although the government makes a compelling case that Pastor waived this argument by failing to renew his request for an NGRI instruction after his objection, we review for plain error because this issue speaks to the integrity of the judicial process. Cf. Evalt, 359 F.2d at 545.
 
 
 8
 Pastor's reliance on Evalt is misplaced. In Evalt, we reversed a conviction because the district court refused defense counsel's request for an NGRI instruction, while allowing the government to argue that returning an NGRI verdict would be tantamount to "turn[ing] this man loose again on society." 359 F.2d at 545-46. We pinpointed the district court's error in its failure to impose the same restriction on both parties. Id. at 546-47. As such, Evalt stands for the principle that we will not countenance the district court's prejudicial "tipping of the scales" in favor of the government; the case does not stand for the proposition that an NGRI instruction is required under these circumstances.
 
 
 9
 United States v. Greiser, 502 F.2d 1295 (9th Cir.1974), controls this question. In Greiser, we concluded that the district court sufficiently diffused the prejudice arising from an inappropriate question concerning the limitations of commitment by cautioning the jury not to consider the ultimate disposition in reaching its verdict. 502 F.2d at 1298. We distinguished Evalt on the strength of the district court's timely instruction to disregard. Id. Hence, Greiser controls.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3