35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco Alvarado NUNEZ, Defendant-Appellant.
 No. 93-10600.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1994.
Decided Sept. 7, 1994.
 
 Before: NORRIS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Alvarado-Nunez appeals his conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. Sec. 1326(b)(1). He argues: (1) he was not competent to stand trial; (2) the district court erred by rejecting his insanity defense; and (3) the district court erred by not departing downward under the Sentencing Guidelines based on his reduced mental capacity. We affirm in part and dismiss in part.
 
 
 3
 * A defendant is incompetent to stand trial if the court finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. Sec. 4241(d). A district court's finding that a defendant is competent to stand trial is a question of fact that we review for clear error. United States v. Frank, 956 F.2d 872, 874 (9th Cir.), cert. denied, 113 S.Ct. 363 (1992). We must review the evidence in the light most favorable to the government. Id.
 
 
 4
 The test for determining competency was set forth in Dusky v. United States, 362 U.S. 402, 402 (1960):
 
 
 5
 [I]t is not enough for the district judge to find that "the defendant [is] oriented to time and place and [has] some recollection of events," but that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him."
 
 
 6
 The government has the burden of demonstrating by a preponderance of the evidence that the defendant is competent to stand trial. Frank, 956 F.2d at 875.
 
 
 7
 Viewing the evidence in the light most favorable to the government, we find the district court committed no clear error in determining that the government met its burden. The district court conducted a competency hearing and evaluated testimony from three expert witnesses as well as various reports regarding Alvarado-Nunez's mental condition. Dr. Weir and Dr. Breslow concluded Alvarado-Nunez was able to communicate effectively with his attorney and understood the proceedings against him. Alvarado-Nunez's witness, Dr. Geffen, believed defendant suffered from a delusional disorder making him incompetent to stand trial. Dr. Caraveo initially believed Alvarado-Nunez was competent to stand trial, but later changed his opinion. "Clear error is not demonstrated by pointing to conflicting evidence in the record." Frank, 956 F.2d at 875. The district court, hearing all the evidence and weighing credibility, was "free to assign greater weight to the findings of experts produced by the Government than to the opposing opinions of medical witnesses produced by the defendant." Id.; see also United States v. Lindley, 774 F.2d 993, 993 (9th Cir.1985). Thus, we find no clear error.
 
 II
 
 8
 Alvarado-Nunez also claims the district court should have found him not guilty by reason of insanity. As the defendant, he had the burden of proving with clear and convincing evidence that "at the time of the commission of the acts constituting the offense, [he], as a result of mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. Sec. 17. In finding Alvarado-Nunez guilty, the district court implicitly found that he had failed to carry that burden and was therefore sane at the time of the crime.[1] Alvarado-Nunez's evidence of insanity was not sufficient for us to conclude that the district court's finding that he was sane was clearly erroneous.
 
 III
 
 9
 Alvarado-Nunez also claims the district court erred by failing to depart downward based on his reduced mental capacity pursuant to U.S.S.G. Sec. 5K2.13. However, we lack jurisdiction to review the district's court's discretionary decision not to depart. United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991). Here, the district court did not indicate that its refusal to depart was other than discretionary. Id. Therefore, we dismiss that part of the appeal challenging the district court's refusal to depart downward.
 
 
 10
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Though the district court did not make an express finding regarding insanity, Fed.R.Crim.P. 23(c) only requires the court to make a general finding of guilt, unless specifically requested by one of the parties to make specific findings of fact. See also 18 U.S.C. Sec. 4242(b). Alvarado-Nunez did not make such a request. When a court does not enter a specific finding, we will uphold the result if it is reasonably supported by the record. United States v. Twine, 853 F.2d 676, 681, (9th Cir.1988) (citing United States v. Most, 789 F.2d 1411, 1417 (9th Cir.1986))