47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Lee CHAPPLE, Jr., Defendant-Appellant.
 No. 94-5048.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1995.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Lee Chapple, Jr., appeals the August 23, 1993, memorandum and order, finding him competent to stand trial, and the December 17, 1993 criminal judgment entered against him. For the reasons set forth below, we AFFIRM.
 
 I. STATEMENT OF THE CASE
 
 2
 On December 22, 1992, the grand jury returned a one-count indictment against the defendant charging him with being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Chapple's court appointed counsel moved for a pretrial psychiatric and/or psychological examination. The court granted the motion for an evaluation.
 
 
 3
 On July 6, 1993, a mental competency hearing was held before the district court. At the hearing, testimony was elicited from Mark Peterson, M.D., psychiatrist, who testified on behalf of Chapple, and from Chistina Pietz, Ph.D., clinical psychologist at the United States Medical Center for Federal Prisoners in Springfield, Missouri, who testified at the request of the prosecution. Based on the testimony and reports of the two expert witnesses, the court determined by a preponderance of the evidence that Chapple was competent to stand trial.
 
 
 4
 On October 13, 1993, one day prior to the scheduled start of trial, Chapple entered a plea agreement and pled guilty to possession of a firearm. On December 17, 1993, Chapple was sentenced to 189 months.
 
 II. STATEMENT OF THE FACTS
 
 5
 During Defendant-Appellant's evaluation, Dr. Pietz conducted several psychological tests, including the Shipley Institute of Living Scale, which measures one's intellectual and reasoning abilities. Chapple scored 59 on the test placing him in the "mentally retarded range of intellectual ability." (D. Brief at 7). Defendant-Appellant was also given the Wechsler Adult Intelligence Scale-Revised test, on which he scored an IQ of 74. This score placed him in the borderline range of intellectual functioning. His verbal IQ was 73 and his performance IQ was 76. According to Dr. Pietz Chapple was able to "independently complet[e] ordinary tasks of everyday life and understand[ ] most simple issues." He was able to understand more complex issues after he was provided with an explanation.
 
 
 6
 Based on the tests administered and conversations with Chapple, Dr. Pietz opined that he was competent to stand trial. Further, no mental disease or defect prevented Chapple from understanding the nature and consequence of the proceedings.
 
 
 7
 At Chapple's request, he was also examined by Dr. Peterson, a board certified psychiatrist. Pursuant to this request, Dr. Peterson conducted one 45 minute examination. Based on that examination, Dr. Peterson testified that Chapple had a "limited capacity to understand exactly what [was] going on [at the competency hearing]. (D. Brief at 10). He further testified that Chapple would have difficulty assisting in his own defense. Dr. Peterson's report, however, indicated Chapple "recognize[d] and underst[ood] that if he were to have been carrying a weapon during the time that he was accused of, it would be breaking the law." His report further concluded Chapple knew right from wrong and had "the capacity to understand the wrongfulness of his acts."
 
 
 8
 After hearing testimony from the two experts and reading their reports the district court concluded Chapple was competent to stand trial. This timely appeal followed.
 
 III. DISCUSSION
 A. Standard of Review
 
 9
 A district court's finding that a defendant is competent to stand trial is a question of fact which this court reviews for clear error. See United States v. Frank, 956 F.2d 872 (9th Cir.1991). This court reviews the evidence in the light most favorable to the government. See Id. at 874.
 
 B. Competency
 
 10
 The test for determining whether one is competent to stand trial is "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). The government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial. 18 U.S.C. Sec. 4241(d); United States v. Frank, 956 F.2d 872, 875 (9th Cir.1991), cert. denied, 113 S.Ct. 363 (1992). A preponderance of the evidence is such evidence that persuades the fact finder to conclude "the existence of a fact is more probable than its nonexistence." Disner v. Westinghouse Elec. Corp., 726 F.2d 1106, 1109 (6th Cir.1984) (quoting In re Winship, 397 U.S. 358, 371 (1970) (Harlan, J., concurring)).
 
 
 11
 In the instant case the court reviewed the testimony and written reports of Mark Peterson, M.D. and Christina Pietz, Ph.D. Both doctors concluded defendant was borderline retarded. Dr. Peterson testified that defendant suffered from major depression, which he characterized as a mental disease. Notwithstanding this diagnosis of major depression, both Dr. Peterson and Dr. Pietz found defendant to be capable of understanding the nature of the proceedings against him with respect to the possession of a firearm. Based on this evidence the district court concluded defendant was competent to stand trial.
 
 
 12
 After a careful review of the record we find that sufficient evidence exists to support the district court's findings.
 
 IV.
 
 13
 For the foregoing reasons, the decision rendered by the Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee is AFFIRMED.