61 F.3d 914
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn Alan NELSON, Defendant-Appellant.
 No. 94-50376.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1995.*
Decided July 21, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges; TASHIMA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Glenn Alan Nelson appeals his conviction for engaging a minor in sexually explicit conduct for the purpose of creating a visual depiction of that conduct in violation of 18 U.S.C. Sec. 2251. Nelson also challenges the $50,000 fine imposed upon him by the sentencing court. We affirm.
 
 
 4
 * Nelson first contends that 18 U.S.C. Sec. 2251(a) does not apply to his extraterritorial acts, and thus that he was improperly convicted thereunder.
 
 
 5
 We rejected Nelson's exact argument in United States v. Thomas, 893 F.2d 1066, 1069 (9th Cir.), cert. denied, 498 U.S. 826 (1990), reversed on other grounds, United States v. X-Citement Video, Inc., 115 S.Ct. 464 (1994), where we held that section 2251(a) applies to acts whether or not committed in the United States.
 
 
 6
 Nelson has spilled much ink arguing that our decision in Thomas is in error. It is well established, however, that absent an intervening Supreme Court decision or an Act of Congress that nullifies Ninth Circuit precedent, a panel not sitting en banc has no authority to overturn Ninth Circuit precedent. See United States v. Frank, 956 F.2d 872, 882 (9th Cir.1991), cert. denied, 113 S.Ct. 363 (1992).
 
 
 7
 Nelson points to no Supreme Court decision of relevance. Nor does 18 U.S.C. Sec. 2258 nullify Thomas. Nelson suggests that by enacting section 2258--and expressly prohibiting the foreign production of child pornography--Congress indicated its belief that section 2251 did not extend extraterritorially. We ascribe no such clear meaning to Congress' conduct, however; indeed, "Congress may amend a statute simply to clarify existing law, to correct a misinterpretation, or to overrule wrongly decided cases." Hawkins v. United States, 30 F.3d 1077, 1082 (9th Cir.1994), cert. denied, --- S.Ct. ---- (June 19, 1995). Further, as the Supreme Court has often stated, "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." United States v. Price, 361 U.S. 304, 313 (1961).
 
 
 8
 For these reasons, we adhere to the law of the circuit as expressed in Thomas.
 
 II
 
 9
 Nelson next contends that the district court erred in "fail[ing] to determine whether Mr. Nelson will be able to pay the fine imposed and the financial contribution for legal representation." We reject Nelson's contentions.
 
 
 10
 The imposition of fines is governed by section 5E1.2 of the Sentencing Guidelines and by 18 U.S.C. Sec. 3572. Both provisions require that the district court "consider" various relevant factors in determining the fine to be imposed. If Nelson is suggesting that the district court was required to make specific findings of fact concerning his ability to pay, he is in error; neither section 5E1.2 nor section 3572 impose such a requirement, nor have we required the district court to articulate specific findings regarding ability to pay.[1] See, e.g., United States v. Quan-Guerra, 929 F.2d 1425, 1427 (9th Cir.1991) (looking to evidence in record as a whole in finding that district court considered relevant factors, rather than requiring specific statement of findings); see also United States v. Marquez, 941 F.2d 60, 65 (2d Cir.1991) (sentencing court is required only to "consider" relevant factors; there is "no separate requirement that this consideration be articulated").
 
 
 11
 With respect to the payment of court-appointed counsel's fees, the statutory language is not analogous. Pursuant to 18 U.S.C. Sec. 3006A(f), before the court orders repayment of court-appointed counsel, the court must "find [ ] that funds are available for payment from or on behalf of a person furnished representation." (emphasis added). However, we have held that an explicit finding on the record that the defendant is able to pay is not required "if there is sufficient evidence to support the court's decision and the defendant did not object to that evidence." United States v. Behnezhad, 907 F.2d 896, 899 (9th Cir.1990). Here, the Presentence Report indicates that, as of April 1994, Nelson had assets worth over $90,000. Although Nelson challenged the valuation of assets he possessed in 1992, Nelson made no challenge to the $90,000 figure. Accordingly, the unchallenged record indicates that Nelson was capable of paying counsel's fees.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We also reject Nelson's suggestion that the district court erred in imposing a $50,000 fine. Pursuant to U.S.S.G. Sec. 5E1.2, "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Nelson has made no such demonstration. Nelson's own Personal Financial Statement, completed two months prior to sentencing, indicates that Nelson had $55,000 in cash and $35,800 in additional assets; in addition, in 1992, Nelson received approximately $70,000 from the sale of his residence, and liquidated stocks worth approximately $28,000. Nelson, in his sentencing position papers, contended that his assets in 1992 had no bearing on his ability to pay a fine in 1994. Even accepting this contention, Nelson does not deny that he possessed assets worth over $90,000 at the time of sentencing. The district court did not clearly err in imposing a $50,000 fine