141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Felicity Mary NEWMAN; Ivan Alberto Hernandez; Jose Caetano
Gardin; Gloria Alicia Alcantar; Andrzej
Skobodzinski; and Ludwik Mroczkowki,
Plaintiffs-Appellees,
v.
IMMIGRATION AND NATURALIZATION SERVICE; Doris Meissner,
Commissioner of the Immigration and Naturalization
Service, Defendants-Appellants.
 Nos. 96-56024, 97-55098.
D.C. No. CV-87-04757-WDK.
 United States Court of Appeals,
Ninth Circuit.
 .
Argues and Submitted Sept. 11, 1997.
Submission Deferred Sept. 16, 1997.
Resubmitted Feb. 27, 1998.
Decided March 24, 1998.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding.
 Before PREGERSON and HAWKINS, Circuit Judges, and WEINER,[2] Senior District Judge.
 MEMORANDUM[1]
 We were scheduled to hear the above-captioned consolidated appeals on September 11, 1997. At that time, another panel of our court was contemplating amendments to Catholic Social Services, Inc. v. Reno, 113 F.3d 922 (9th Cir.1997), an opinion with precedential value. Because those amendments could affect our resolution of these appeals, we deferred submission of these appeals pending the filing of the amended opinion.
 The amended opinion has been filed. Catholic Soc. Servs., Inc. v. Reno, --- F.3d ----, No. 96-15495, 134 F.3d 921, 1997 WL 817338 (9th Cir. Jan.16, 1998) ("CSS "). As we anticipated, the amendments resolve several issues raised in these appeals. Specifically, CSS holds that § 377 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") is constitutional. Id.
 at * 10-12. CSS further holds "that § 377 solely applies to the claims of class members who actually tendered or attempted to tender a complete application and fee." Id. at * 10.
 The facts of this case are known to the parties and will not be repeated here except as necessary to clarify our discussion. Defendants have renewed their motion for summary disposition of these appeals. Plaintiffs have filed a motion to stay the mandate pending disposition of a petition for rehearing of CSS. We grant Defendants' motion for summary disposition of these appeals, and deny Plaintiffs' motion to stay the mandate. See Wabol v. Villacrusis, 11 F.3d 124, 126 (9th Cir.1993) (issuing the mandate where the court had decided the same jurisdictional issue in an earlier opinion and where there was no reason to entertain a petition for rehearing).
 We remand the case so that the district court may consider whether some of the Plaintiffs have alleged facts sufficient to establish that they have standing to challenge the INS's front-desking procedure. Reno v. Catholic Soc. Servs., 509 U.S. 43, 65-67, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993). We decline to instruct the district court to dismiss the action for lack of jurisdiction. Because some of the class members allege that they were rebuffed when they tendered a completed application and fee to authorized legalization officers, such an order would leave these aliens vulnerable to deportation before a new suit could be filed, even though they meet the standing requirements of § 377. For that same reason we decline to vacate the district court's interlocutory orders, which grant relief from deportation to the protected class.
 REMANDED.
 
 
 
 [2]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3