**UNITED STATES of America**

**v.**

**John C. KENNEY, Defendant.**

**No. 4:CR–99–0280.**

United States District Court,
M.D. Pennsylvania.

July 10, 2001.

Frederick E. Martin, Assistant United States Attorney, Office of the United States Attorney, Williamsport, PA, for the United States.

Jeffrey C. Dohrmann, Esquire, Rieders Travis Humphrey Harris Waters & Waffenschmidt, Williamsport, PA, for defendant.

## ORDER

McCLURE, District Judge.

### BACKGROUND:

On June 4, 2001, a jury returned a mixed verdict in the above-captioned case. As to Count One of the indictment, charging Kenney with assault on a corrections officer, the jury found defendant not guilty only by reason of insanity. On Count Two, forcibly resisting another correctional employee, the jury found the defendant not guilty. On Count Three, possession of a contraband weapon, the jury found the defendant guilty.

At the time of the return of the verdict, the court inquired whether the defendant would need to undergo a psychiatric or psychological examination as required by 18 U.S.C. § 4243.

On June 8, 2001, the government filed a memorandum regarding the applicability of 18 U.S.C. § 4243 to defendant's case.

By order dated that same day, the court permitted defense counsel to submit a memorandum on the issue, as well as allowed for a reply by the government.

On June 18, 2001, defense counsel submitted a memorandum advising the court of defendant's position with respect to the applicability of 18 U.S.C. § 4243. The government filed its reply on June 20, 2001.

On June 25, 2001, the defendant filed a supplemental response advising that Dr. Ragusea[1] would be available to conduct a further evaluation, if so ordered.

On July 2, 2001, defendant filed on his own behalf a response regarding the applicability of 18 U.S.C. § 4243, concurring with defense counsel's June 18, 2001 memorandum, and requesting that Dr. Ragusea be permitted to conduct a psychological exam, if so ordered.

### DISCUSSION:

The precise question at hand is whether the court is required to order a psychological evaluation of the defendant as a "person found not guilty only by reason of insanity at the time of the offense charged," and conduct a hearing under 18 U.S.C. § 4243, despite the fact that defendant has also been convicted on another charge and currently faces continued and extended incarceration as a result of a prior conviction.[2] See Defendant's Memorandum Regarding the Applicability of 18 U.S.C. § 4243 ("Defendant's Memoran-

---

1. Dr. Stephen Ragusea, a psychologist, testified at trial as an expert witness on behalf of the defendant.

2. Here, defendant was already incarcerated at the time the offense for which he was convict-

ed was committed. According to the government, defendant faces at least another ten years of his sentence for prior convictions in the Middle District of Pennsylvania and the Eastern District of Virginia.

dum") (record doc. no. 126, filed June 18, 2001) at 2.

The Insanity Defense Reform Act ("the Act"), 18 U.S.C. § 4243, which was enacted by Congress in 1984, provides for the mandatory hospitalization of defendants found not guilty of federal crimes by reason of insanity. Under § 4243(a), once the special verdict of not guilty only by reason of insanity is rendered in a case, the defendant shall be committed to a suitable facility for care and treatment until he is eligible for release. Under § 4243(c), the defendant must also be granted a hearing no later than 40 days after the verdict to determine whether his release endangers others or their property.[3] Notably, as provided in § 4243(d), it is the defendant, and not the government, that carries the burden of proof in the hearing. When a defendant fails to meet his burden of proof, the court is required to commit him to the custody of the Attorney General of the United States for care and treatment. 18 U.S.C. § 4243(e).

The circumstances of the case at hand are indeed atypical. Although the court recognizes the mandatory directive imposed by Congress, the court makes the following determination regarding the applicability of 18 U.S.C. § 4243 in this case in accordance with both the exceptional circumstances presented and the central purpose of the Act.

Subsection (a) of § 4243 states: "If a person is found not guilty only by reason of insanity at the time of the offense charged, he shall be committed to a suitable facility until such time as he is eligible for release pursuant to subsection (e)." It is defense counsel's position that the directive of § 4243, indicated by the word "shall," should be read as mandatory only in situations to which it was intended to apply. Defendant's Memorandum at 3. Defense counsel also points to the words "*the* offense charged" (emphasis added), and submits that the use of "the" rather than " 'an' indicates that [§ 4243] was intended to apply to [a] situation where a single charge has resulted in an acquittal by reason of insanity and *not* in a situation such as the case at bar, where a conviction is returned on another charge which will prevent the [d]efendant's release." *Id.*

■ As defense counsel correctly notes, the purpose of the Insanity Defense Reform Act of 1984, 18 U.S.C. § 4243, is to "ensure[ ] that a federal criminal defendant found not guilty by reason of insanity will not be released onto the streets." *Frank v. United States*, 506 U.S. 932, 113 S.Ct. 363, 121 L.Ed.2d 276 (1992) (Justice Stevens opinion regarding denial of petition for writ of certiorari). Indeed, the legislative history of the Act indicates that § 4243 deals with acquitted persons "where the issue posed is the person's risk of bodily injury to another person or serious damage to the property of another." S.Rep. No. 98–225, at 246 (1983).

■ In this case, as previously mentioned, the defendant was simultaneously found guilty on Count Three of the indictment and not guilty only by reason of insanity on Count One of the indictment. Additionally, the defendant is currently an inmate convicted of another, prior crime for which he will continue to be incarcerated for a considerable number of years in the future. As such, the court agrees with defense counsel that defendant cannot be considered an "acquitted person" for purposes of § 4243(a). Since he is not considered an "acquitted person" under the Act, it is inconceivable that defendant will be

---

3. This hearing is to be conducted in accordance with the procedures provided by 18 U.S.C. § 4247(d), relating to due process requirements.

"released onto the streets" where he could cause harm to another's person or property.[4]

■ Furthermore, because the defendant is not one subject to "release," there is no need for the court to conduct a hearing pursuant to subsection (c) of § 4243.[5]

Accordingly, the court finds the provisions of § 4243 inapplicable to the defendant's case.

■ In the alternative, defense counsel contends that if the Act is invoked at all, the more appropriate provision under the circumstances presented in this case is § 4244. Section 4244 directs the court to conduct a hearing on the present mental condition of a convicted defendant on a motion by one of the parties or on its own motion, "if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4244.

In this case, neither defendant nor the government moved for a hearing on the present mental condition of the defendant. Likewise, the court will not, on its own motion, conduct a hearing on the issue, as there exists no reasonable cause to believe the defendant poses any immediate danger to himself or others.

Accordingly, § 4244 will not be invoked as the court does not have reasonable cause to believe that defendant may be

suffering from a mental disease or defect requiring examination.

**NOW, THEREFORE, IT IS OR-DERED THAT:**

1. The provisions of 18 U.S.C. § 4243 are inapplicable to defendant's case.

2. The court will not *sua sponte* invoke 18 U.S.C. § 4244 to conduct a hearing on the present mental condition of the defendant.

---

4. Notably, in its reply brief, the government "does not disagree with either the analysis or the conclusion of defense counsel" with respect to the inapplicability of § 4243. *See* Reply of the United States to Defendant's Memorandum on the Applicability of 18 U.S.C. § 4243 (record doc. no. 127, filed June 20, 2001) at 1–2.

5. A hearing pursuant to subsection (c) is necessary to determine whether the release of an acquitted defendant would endanger others or their property due to a present mental disease or defect.