**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4336**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CORNELIUS TUCKER, JR.,

Defendant - Appellant.

———————

**No. 05-7021**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CORNELIUS TUCKER, JR.,

Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-02-235; CA-04-708-BO)

———————

Submitted: September 28, 2005     Decided: November 3, 2005

———————

Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

No. 05-4336 affirmed in part and dismissed in part; No. 05-7021 dismissed by unpublished per curiam opinion.

---

James B. Craven III, Durham, North Carolina, for Appellant (No. 05-4336); Cornelius Tucker, Jr., Appellant Pro Se (No. 05-7021). Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cornelius Tucker, Jr., charged with twelve counts of sending threatening communications through the U.S. Postal Service, in violation of 18 U.S.C.A. § 876 (West 2000 & Supp. 2005), was found not guilty only by reason of insanity. See 18 U.S.C. § 4242(b)(3) (2000). The district court entered an order setting forth that verdict. The order also directed that, as Tucker is currently confined in state custody, the procedures for determining whether he should be confined for treatment rather than released, under 18 U.S.C. §§ 4243, 4247 (2000), shall be delayed until Tucker's release from state custody. Tucker noted an appeal in No. 05-4336.

Counsel for Tucker filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal. Tucker has filed pro se supplemental material. To the extent that Tucker seeks to appeal the verdict of not guilty by reason of insanity, he may not attack his successful assertion of this affirmative defense. See 18 U.S.C. § 17(a) (2000) (setting forth insanity as an affirmative defense); United States v. Wattleton, 296 F.3d 1184, 1194-95 (11th Cir. 2002) (rejecting appeal of successful not guilty by reason of insanity defense); Curry v. Overholser, 287 F.2d 137, 139-40 (D.C. Cir. 1960) (same).

- 3 -

There is not yet a final, appealable decision on whether Tucker should be committed to the custody of the Attorney General under 18 U.S.C. § 4243. However, Tucker seeks to challenge the district court's decision to delay the hearing mandated under that provision. We conclude that to delay review of that issue until the hearing is held after Tucker's release from state custody would make the issue unreviewable. Therefore, we find we have jurisdiction to review the question now under the collateral order doctrine. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978) (describing a collateral order as one that "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment"). We hold that the district court did not err in ordering the delay. See United States v. Kenney, 152 F. Supp. 2d 631 (M.D. Pa. 2001) (ordering delay of 18 U.S.C. § 4243(c) hearing where defendant in custody on other charges); United States v. Bohe, __ F. Supp. 2d __, 2005 WL 1026701 (D.N.D. Apr. 28, 2005) (rejecting defendant's request for release on the ground that the time constraints of 18 U.S.C. §§ 4243(c), 4247(b), were not followed). Therefore, we affirm the district court's decision to delay the hearing.

Tucker filed a 28 U.S.C. § 2255 (2000) motion while the criminal proceedings were ongoing in the district court. He seeks to appeal the district court's denial of that motion in No. 05-

7021. Section 2255 is a vehicle for attacking a federal conviction and sentence. Here, Tucker received no sentence and was in fact found not guilty, albeit only by reason of insanity. Therefore, we deny a certificate of appealability and dismiss his appeal from the district court's order dismissing the petition.

In No. 05-4336, we deny all of Tucker's pending motions, including his motion to relieve and substitute counsel, motion for counsel's dismissal on the merits, motion for oral argument, motion to show cause, motion to strike statements, motion to request mediation out of time, motion for a competency hearing, motion for transcript, motion for psychiatric exam, and motion to expedite appeal. In accordance with the requirements of Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dismiss the appeal in part and affirm in part.

In No. 05-7021, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

- 5 -

materials before the court and argument would not aid the decisional process.

No. 05-4336 AFFIRMED IN PART AND DISMISSED IN PART

No. 05-7021 DISMISSED
